IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-02528-JLK-CBS
_____

BRAY et al.,

   Plaintiffs,

vs.

QFA ROYALTIES LLC,

   Defendant.
_____

## DECLARATION OF PLAINTIFF RICHARD NEWKIRK
_____

  I, Richard Newkirk, declare as follows:

  1. I serve on the board of directors of the Toasted Subs Franchisee Association, Inc. ("TSFA"). My wife Maureen Newkirk and I are the sole shareholders in Newkirk Enterprises, Inc. ("Newkirk Enterprises") and the sole partners in R&M Enterprises LLP ("R&M")—entities that transact business with Quiznos on our behalf. My father David Newkirk, along with my wife and I, operate Quiznos Store No. 771, which is located at 2564 King Avenue, No. F, Billings, Montana 59102. We also operate Quiznos Store No. 125, which is located at 2405 W. Main Street, Suite 8, Bozeman, Montana 59715. Neither my wife nor my father are involved in the management of the TSFA. My father is elderly and is not involved in day-to-day operations.

  2. Attached to this Declaration as Exhibit A are true and correct excerpts of the July 19, 1998 Franchise Agreement governing Quiznos Store No. 771. Attached to this Declaration as Exhibit B are true and correct excerpts of the June 28, 2002 Franchise Agreement governing

2

Quiznos Store No. 125.  The full Franchise Agreements for these two stores are otherwise nearly identical with the full agreement filed as Exhibit A to the Jehad Majed Declaration in this matter.

3. On December 11, 2006, I received two letters from Frederic C. Cohen, Esq., an attorney with DLA Piper in Chicago, Illinois.  Each letter is dated December 8, 2006 and purports to terminate the franchise relationship with Quiznos in relation to Quiznos Store Nos. 771 and 125.  Attached to this Declaration as Exhibits C and D are true and correct copies of Mr. Cohen's letters.

4. If Quiznos' threatened termination takes effect, Newkirk Enterprises, R&M, as well as my wife, father and I, will face irreparable harm, including, among other things, the impairment of our ability to maintain marketplace position and loss of goodwill.  In addition, Quiznos' cure proposal threatens to impose a chilling effect on our First Amendment rights because under the proposal, Newkirk Enterprises, R&M, my wife, father and I can avoid termination of the franchises only if we agree to Quiznos' coercive demand for compelled speech and restrictions on our rights to free speech and to associate.  It is difficult, if not impossible, to calculate damages for the cessation of franchise operations due to the inherent nature of these harms.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this 18th day of December, 2006.

*s/ Richard Newkirk*
Richard Newkirk

MADISON\733030.1