IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-CV-02528-JLK-CBS
_____

BRAY et al.,

        Plaintiffs,

vs.

QFA ROYALTIES LLC,

        Defendant.
_____

## DECLARATION OF PLAINTIFF ALLISON ABID
_____

I, Allison Abid, declare as follows:

1.      I serve on the board of directors of the Toasted Subs Franchisee Association, Inc. ("TSFA").  My husband Hakim Abid owns and operates Quiznos Store No. 3652, which is located at 5600 La Centre Avenue, Unit 105, Albertville, Minnesota 55301.  He also owns and operates Quiznos Store No. 3653, which is located at 16362 County Road 30, Maple Grove, Minnesota 55311.  While my husband signed the Franchise Agreements governing these stores, I am personally familiar with them and the store operations.  My husband is not involved in the management of the TSFA.

2.      Attached to this Declaration as Exhibit A are true and correct excerpts of the June 1, 2002 Franchise Agreement governing Quiznos Store No. 3653.  A copy of the May 17, 2002 Franchise Agreement governing Quiznos Store No. 3652 is not currently available, but it is believed to be nearly identical in form and content with the agreement concerning Store No.

3653. The full Franchise Agreements for these two stores are otherwise nearly identical with the full agreement filed as Exhibit A to the Jehad Majed Declaration in this matter.

3. On December 11, 2006, my husband and I received two letters from Frederic C. Cohen, Esq., an attorney with DLA Piper in Chicago, Illinois. Each letter is dated December 8, 2006 and purports to terminate the franchise relationship with Quiznos in relation to Quiznos Store Nos. 3652 and 3653. Attached to this Declaration as Exhibits B and C are true and correct copies of Mr. Cohen's letters.

4. If Quiznos' threatened termination takes effect, my husband and I, will face irreparable harm, including, among other things, the impairment of our ability to maintain marketplace position and loss of goodwill. In addition, Quiznos' cure proposal threatens to impose a chilling effect on our First Amendment rights because under the proposal, my husband and I can avoid termination of the franchises only if we agree to Quiznos' coercive demand for compelled speech and restrictions on our rights to free speech and to associate. It is difficult, if not impossible, to calculate damages for the cessation of franchise operations due to the inherent nature of these harms.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this 18th day of December, 2006.

                                            *s/ Allison Abid*
                                            Allison Abid