IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-CV-02528-JLK-CBS

_____

BRAY et al.,

       Plaintiffs,

vs.

QFA ROYALTIES LLC,

       Defendant.
_____

### DECLARATION OF PLAINTIFF DANIEL G. CARTER, JR.
_____

    I, Daniel G. Carter, Jr., declare as follows:

    1.    I serve on the board of directors of the Toasted Subs Franchisee Association, Inc. ("TSFA").  My wife Jody Carter and I, along with my parents Daniel G. Carter, Sr. and Madeleine Carter, are controlling members of Carter Group LLC ("Carter Group") and Carter Group Roseville LLC ("Carter Roseville")—entities that transact business with Quiznos on our behalf.  Along with my parents, my wife and I own and operate Quiznos Store No. 4199, which is located at 24955 Gratiot Avenue, Eastpointe, Michigan 48021.  We also own and operate Quiznos Store No. 6514, which is located at 31931 Gratiot Avenue, Roseville, Michigan 48066.  Neither my parents nor my wife are involved in the management of the TSFA.

    2.    Attached to this Declaration as Exhibit A are true and correct excerpts of the September 27, 2002 Franchise Agreement governing Quiznos Store No. 4199.  Attached to this Declaration as Exhibit B are true and correct excerpts of the December 8, 2003 Franchise

Agreement governing Quiznos Store No. 6514.  The full Franchise Agreements for these two stores are otherwise nearly identical with the full agreement filed as Exhibit A to the Jehad Majed Declaration in this matter.

3. On December 9, 2006, I received two letters from Frederic C. Cohen, Esq., an attorney with DLA Piper in Chicago, Illinois.  Each letter is dated December 8, 2006 and purports to terminate the franchise relationship with Quiznos in relation to Quiznos Store Nos. 4199 and 6514.  Attached to this Declaration as Exhibits C and D are true and correct copies of Mr. Cohen's letters.

4. If Quiznos' threatened termination takes effect, Carter Group, Carter Roseville, as well as my wife, my parents and I, will face irreparable harm, including, among other things, the impairment of our ability to maintain marketplace position and loss of goodwill.  In addition, Quiznos' cure proposal threatens to impose a chilling effect on our First Amendment rights because under the proposal, we can avoid termination of the franchises only if we agree to Quiznos' coercive demand for compelled speech and restrictions on our rights to free speech and to associate.  It is difficult, if not impossible, to calculate damages for the cessation of franchise operations due to the inherent nature of these harms.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this 18th day of December, 2006.

*s/Daniel G. Carter*
Daniel G. Carter, Jr.

MADISON\733032.1