IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-02528-JLK-CBS
_____

BRAY et al.,

        Plaintiffs,

vs.

QFA ROYALTIES LLC,

        Defendant.
_____

**DECLARATION OF PLAINTIFF DAVID TATE**
_____

I, David Tate, declare as follows:

1.      I serve on the board of directors of the Toasted Subs Franchisee Association, Inc. ("TSFA"). I am the Managing Member of Big Little Property Investments LLC ("Big Little") and an owner of CTH Investments ("CTH")—entities that transact business with Quiznos on behalf of myself and my partners. Big Little owns and operates Quiznos Store No. 6716, which is located at 209 Center Street, Chardon, Ohio 44024. CTH owns and operates Quiznos Store No. 5647, which is located at 9582 Diamond Center Drive, Mentor, Ohio 44060. None of the owners of Big Little or CTH (besides myself) have ever been involved in the management of the TSFA.

2.      Attached to this Declaration as Exhibit A are true and correct excerpts from the February 3, 2004 Franchise Agreement governing Quiznos Store No. 6716. Attached to this Declaration as Exhibit B are true and correct excerpts of the August 26, 2003 Franchise

MADISON\733034.1

Agreement governing Quiznos Store No. 5647.  The full Franchise Agreements for these two stores are otherwise nearly identical with the full agreement filed as Exhibit A to the Jehad Majed Declaration in this matter.

3. On December 11, 2006, I received two letters from Frederic C. Cohen, Esq., an attorney with DLA Piper in Chicago, Illinois.  Each letter is dated December 8, 2006 and purports to terminate the franchise relationship with Quiznos in relation to Quiznos Store Nos. 6716 and 5647.  Attached to this Declaration as Exhibits C and D are true and correct copies of Mr. Cohen's letters.

4. If Quiznos' threatened termination takes effect, Big Little, CTH, as well as my partners and I, will face irreparable harm, including, among other things, the impairment of our ability to maintain marketplace position and loss of goodwill.  In addition, Quiznos' cure proposal threatens to impose a chilling effect on our First Amendment rights because under the proposal, we can avoid termination of the franchises only if we agree to Quiznos' coercive demand for compelled speech and restrictions on our rights to free speech and to associate.  It is difficult, if not impossible, to calculate damages for the cessation of franchise operations due to the inherent nature of these harms.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this 18th day of December, 2006.

                                                     *s/ David Tate*
                                                    David Tate