# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02528-JLK-CBS

CHRIS BRAY, *et al.*,

        Plaintiffs,

v.

QFA ROYALTIES LLC, a Delaware limited liability company,

        Defendant.

## MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY
## AND FOR SHORT CONTINUANCE OF HEARING

      Defendant, QFA Royalties LLC ("QFA"), by their attorneys hereby file this Motion for Leave to Take Expedited Discovery and for Short Continuance of Hearing and in support thereof states as follows:

### CERTIFICATE OF COMPLIANCE L.R. 7.1

      Undersigned counsel certifies that by email correspondence in the evening hours of December 18, 2006, counsel for QFA conferred with Gregory Stross, counsel for Plaintiffs in this matter and that Plaintiff does not agree with the relief requested herein.

      1.     Defendant QFA is a Denver-based franchisor of restaurants that feature toasted submarine sandwiches.

      2.     Plaintiffs comprise eight different former or existing franchise owners in the Quiznos system. A principal of each of the plaintiff groups is a member of the board of directors of an organization known as the Toasted Subs Franchisee Association ("TSFA"). The TSFA is

33668-0080/LEGAL11382052.2

made up of a few disgruntled Quiznos franchise owners who have embarked on a concerted campaign to harm the Quiznos brand and system out of apparent malice and a motivation to decrease competition by dissuading others from becoming Quiznos franchisees.

3.      QFA and some of the TSFA leadership have been in (and are currently involved in) disputes and litigation over the TSFA's prior activities.  Recently, the TSFA, through its leadership, escalated the conflict by publishing information about a suicide of another former franchisee and in so doing exploited this tragedy for its own purposes.  In connection with this posting, the TSFA board published a note TSFA claims was written by the former franchisee and which contained disparaging remarks about Quiznos and the franchise industry.

4.      This conduct constitutes a breach of standard provisions in Quiznos' franchise agreements.  These provisions generally prohibit franchise owners from engaging in conduct that detracts from, adversely reflects upon, harms or materially impairs the Quiznos brand and goodwill associated with the Quiznos trademarks.  The standard franchise agreement specifically permits Quiznos to terminate the franchise agreement for conduct that materially impairs the goodwill associated with the trademarks.

5.      QFA, as the franchisor under the respective franchise agreements with the various plaintiff groups, sent a notice of termination or a notice of default with opportunity to cure to each Plaintiff.  (While several of the franchise agreements have been terminated pursuant to the notices, all Plaintiffs continue to operate.  This continued operation in the face of the termination of the agreements constitutes a material breach of the post termination provisions of the respective franchise agreements and violation of the Lanham Act through trademark infringement and unfair competition).

6. These plaintiffs groups have jointly initiated this action and are asserting claims arising out of QFA's decision to terminate or provide notice of default to the Plaintiffs. Generally, Plaintiffs claim their respective franchise agreements should not have been terminated or should not be terminated when they refuse to cure the default. Plaintiffs also filed a motion for preliminary injunction requesting that this court enjoin QFA from terminating the franchise agreements or from "otherwise interfering with the continuing operations of the Plaintiffs' Quiznos restaurants," and enjoin QFA's suppliers from taking any actions that would interfere with the continued operations of Plaintiffs' Quiznos restaurants. QFA first learned of the lawsuits Friday evening, December 15, 2006. While Plaintiffs claim they will be filing certain declarations on which they base their motion, at present QFA has not been provided with any such declarations.

7. Counsel for Defendants learned late Monday, December 18, 2006 that the Court intends to set a hearing on the motion for preliminary injunction for Friday, December 22, 2006.

8. There are significant factual disputes with respect to core issues. These disputes relate both to elements Plaintiffs would be required to establish to obtain the requested extraordinary relief and to defenses QFA must be permitted to present. For example, in order to prevail, Plaintiffs must demonstrate a reasonable likelihood of success with respect to claims they are asserting, which means Plaintiffs must present evidence with respect to all essential elements of one or more of their claims. Further, the defense of Plaintiffs' unclean hands is particularly relevant with respect to consideration of this equitable remedy.

9. Accordingly, discovery will assist the parties and the Court in resolution of the pending motion and Quiznos is requesting that the Court give it leave to perform certain initial

discovery on an expedited basis prior to the hearing on the Motion for Preliminary Injunction. The topics appropriate for expedited deposition discovery include:

    a.    The decision and the execution of the decision to publish the information and letter at issue, including the relative roles and responsibilities with respect to the decision, the authorship of the content of the posting, the control over the information on the website and this posting, and the purpose and the motive and intent behind the decision to publish the information and letter. In the Complaint, some Plaintiffs appear to claim they had limited or no involvement with the decision to publish the harmful material at issue and that they have no control over the content of the TSFA web page. While this may not be relevant given each plaintiffs group's role with the TSFA leadership and board of directors, Quiznos should be permitted to ascertain which Plaintiffs are disavowing involvement and responsibility for the offensive and damaging postings.

    b.    The circumstance surrounding how the Plaintiffs obtained the information and letter they have published.

    c.    The consequences of the publication and the degree to which Plaintiffs believed the information and letter were published by others. They appear to assert that they are not responsible for conduct that harmed the brand if someone else published the information. Quiznos is entitled to know the basis for this claim.

    d.    The information contained in the various declarations Plaintiffs claim they will be filing (but do not appear to have filed yet).

33668-0080/LEGAL11382052.2

10. All of these topics are relevant to the issues set for the hearing. Further, Plaintiffs' pleadings are not particular and Plaintiffs have not set forth the basis of their claims or motion with specificity.

11. Pursuant to Fed.R.Civ.P. 26(b), the parties are not permitted to seek discovery from any source before the parties have conferred as required by Rule 26(f). However, for good cause shown, the Court may order expedited discovery. *See Pod-ners, LLC v N. Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). The fact that a party seeks preliminary injunctive relief provides such good cause. *Id.*; *Qwest Comm'cns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Moreover, "[g]ood cause frequently exists in cases involving claims of infringement and unfair competition." *See also Pod-ners, LLC*, 204 F.R.D. at 676.

12. Here, both of these circumstances are present: Quiznos seeks expedited discovery to defend against the Plaintiffs' motion for preliminary injunction. Issues of unclean hands and the balance of equities are crucial to Quiznos defense and the discovery will assist in the presentation of these defenses, including the various Plaintiffs' own conduct, intent and the willful trademark infringement, unfair competition and trademark dilution with respect to misuse of Quiznos' marks under the Lanham Act.

13. Accordingly, Quiznos requests leave to take the deposition of a representative of each plaintiff group relating to these same topics.

14. Counsel for Quiznos is prepared to immediately take these requested eight depositions in Denver.

15.     Accordingly, Quiznos requests that this Court order that Quiznos may take limited discovery, including specifically leave to conduct the deposition of a representative of each plaintiff group at a mutually agreeable time before the hearing on Plaintiffs' motion for preliminary injunction.

16.     To the extent there is insufficient time to conduct these eight depositions before December 22, 2006, Quiznos also requests that the hearing be postponed and continued for at least a week to allow for this discovery.

**WHEREFORE**, Quiznos requests leave to take this discovery on an expedited basis and for a short continuance of the hearing on Plaintiffs' motion.

Dated this 19th day of December 2006

Respectfully submitted,

s/ Leonard H. MacPhee
Leonard H. MacPhee
Attorney for Plaintiffs
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: (303) 291-2300
Facsimile: (303) 291-2400
Email: lmacphee@perkinscoie.com

33668-0080/LEGAL11382052.2

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2006 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Gregory R. Stross
gstross@earthlink.net

  s/ Leonard H. MacPhee
Leonard H. MacPhee
Attorney for Plaintiffs
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: (303) 291-2300
Facsimile: (303) 291-2400
Email: lmacphee@perkinscoie.com