IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-CV-02528-JLK-CBS
_____

**CHRIS BRAY, et al.**

        Plaintiffs,

vs.

**QFA ROYALTIES LLC, a Delaware limited liability company,**

        Defendant.
_____

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**
_____

KANE, J.

This matter came before the Court on plaintiffs' *Motion For Preliminary Injunction And Request For Forthwith Hearing*.  Defendants subsequently filed a *Motion For Leave To Take Expedited Discovery And For Short Continuance Of Hearing*, that was denied by written Order of this Court on December 18, 2006.  A hearing on the Plaintiffs' motion was conducted on December 22, 2006.  Plaintiffs proceeded at hearing relying upon Declarations filed by eight of the individual plaintiffs and one Declaration of a non-party, Ratti Baber.  Defendants presented _____ at the hearing.

The Court's written Order of December 18, 2006 indicated that the scope of the scheduled December 22, 2006 hearing would be to determine the request for a temporary restraining order and also to conduct a status/scheduling conference on matters, including any expedited discovery schedule, related to the conduct of a meaningful preliminary injunction

hearing at the earliest available time. The Court also expressly admonished the Defendant to undertake no action (or fail to take any action) before then that would operate to compromise the Court's ability to enter a meaningful temporary restraining order that would preserve the status quo ante of the parties.

The sole issue plaintiffs have presented in this case is whether Quiznos exceeded its authority by terminating the plaintiffs' respective Franchise Agreements, based upon some of their activities as directors of a franchisee organization called the Toasted Subs Franchisee Association ("TSFA"), which published on its website the details concerning the suicide of former Quiznos franchisee Bhupinder "Bob" Baber, in a purported memorialization intended to raise funds for the decedent's family.

The parties counsel indicated to the Court that Defendant filed eight lawsuits against the same plaintiffs in this action in Denver District Court. These state court suits were filed on December 12, 2006, three days prior to this action being filed, but service of process did not occur upon any plaintiff until after this Court entered its Order of December 19, 2006 expressly admonishing them to undertake no action that would alter the status quo ante of the parties. The state court complaints are based upon the exact same nexus of facts underlying this action and contains claims for declaratory judgment and breach of contract.

A temporary restraining order pursuant to Fed. R. Civ. P. 65 is appropriate when the plaintiff demonstrates that (1) without such relief the movant will suffer irreparable harm; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest. *Dominion*

*Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, ¶ 23 (10th Cir. 2004); *Kiowa Indian Tribe of Oklahoma v. Hoover*, 150 F.3d 1163, 1171 (10th Cir. 1998).

Plaintiffs have adequately demonstrated for purposes of entering a temporary restraining order, that the basis upon which Defendant terminated each of their Franchise Agreements was due to the activities of the TSFA.  It is uncontested that the TSFA published materials relating to the apparent suicide of Bhupinder Baber, which included media accounts of the death.  Plaintiffs assert that a suicide note found on Bhupinder's body (in both written and electronic form), and a copy of the note was located on his computer, as well.  Those are the materials that were published on the TSFA website.  QFA Royalties LLC thereafter issued nearly identical franchise termination notices to all of the plaintiffs, without specifying any basis for the terminations.

Each plaintiff that contacted QFA Royalties LLC or its counsel and inquired about their right to cure any breach under the franchise agreement was provided substantially identical information.  The requirements demanded by QFA Royalties LLC to cure the alleged breach were for each franchisee to 1) retract the Baber-suicide material from TSFA website 2) post a statement on the TSFA website indicating the franchisee's actions were "morally reprehensible and in violation of your contractual commitments under your franchise agreement," 3) post on the TSFA website an apology to Quiznos and all of its franchisees, and 4) execute a written reaffirmation of the franchisee's existing contractual obligations and execute a general release of any and all claims against Quiznos.

Information provided at the hearing and by Supplemental Declaration of Richard Newkirk indicated that after the Court issued its December 19, 2006 Order denying a continuance of the scheduled hearing, Defendant's counsel Cohen represented to Plaintiffs'

counsel Klein that Plaintiffs Newkirk and Bray could immediately resume obtaining supplies from Quiznos' approved venders. Three restaurants owned by these two plaintiffs had been otherwise cut off from obtaining food supplies. Nonetheless, both plaintiffs had their orders refused for several hours. Combined with this delay and weather conditions, Plaintiff Newkirk has yet to receive supplies and is likely to have to close his store for several days during the busy Holiday Season.

Excluding the filing of this lawsuit and the additional suits in Denver District Court by the Defendant against each of these plaintiffs in Denver District Court, the parties are in substantially the same position that they were in prior to the Quiznos issuing notices of franchise terminations to the plaintiffs. The material concerning Bhupinder Baber remains available to be viewed on the TSFA website and the organization continues to receive donations for his family. At the hearing, Plaintiffs indicated that the amount collected at the time of the hearing was approximately $_____.

Based upon the pleadings and evidence, and following an opportunity for each party to be heard in open court, the Court does hereby Order as follows:

Plaintiffs' *Motion For Preliminary Injunction And Request For Forthwith Hearing* is GRANTED, such that a temporary restraining order is entered against Defendant QFA Royalites LLC, for a period of 10 days; Defendant is restrained from undertaking any action (or failing to take any action) that will alter the current status quo of the parties based upon the facts related to this case, or based upon the filing of this case.

The Court further ORDERS that the Defendant (has / has not) shown a basis that would warrant the taking of expedited discovery prior to an evidentiary hearing on preliminary injunctive relief to be conducted by the Court.

(The expedited discovery will be limited in scope and quantity as follows:

a) All discovery shall relate solely to this specific issues presented in this case by the plaintiffs;

b) The initial scope of inquiry shall be specifically limited to whether an individual plaintiff had limited or no involvement with the decision to publish the material at issue and that they have no control over the content of the TSFA web page.  Discovery with any plaintiffs who, after reasonable inquiry, indicates they had no involvement with the decision to publish the material at issue and had no control over the content of the TSFA web page, shall cease.

c) Concerning those individuals who had involvement and control over publishing materials on the TSFA website, the scope of inquiry shall be specifically limited to each plaintiffs decision and the execution of the decision to publish the information and letter at issue, including the relative roles and responsibilities with respect to the decision, the authorship of the content of the posting, the control over the information on the website and this posting, and the purpose and the motive and intent behind the decision to publish the information and letter.

d) The circumstance surrounding how the Plaintiffs obtained the information and letter they have published.

5

e) Plaintiffs shall within one week propound a single set of ___ interrogatories to the defendant, who will respond within seven days.

f) Defendant shall within one week propound a single set of ___ interrogatories to each individual plaintiff, who will respond within seven days.

g) Depositions will be conducted between January 8 – 11, 2006, following responses being provided to the interrogatories.

h) Plaintiffs shall be limited to the taking of a total of 4 depositions, none lasting longer than 3.5 hours. Depositions shall occur within 100 miles of the residence of the deponent unless otherwise agreed to by parties.

i) Defendant shall be limited to the taking of a total of 4 depositions, none lasting longer than 3.5 hours. Depositions shall occur within 100 miles of the residence of the deponent unless otherwise agreed to by parties.

j) Discovery will also be limited to _____.)

A hearing on Plaintiffs' motion for preliminary injunctive relief will be conducted on _____. The hearing is scheduled for ____ hours.

Done on this 22nd day of December, 2006.

_____
JUDGE JOHN L. KANE
U.S. DISTRICT COURT