# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02528-JKL-CBS

CHRISTOPHER BRAY, *et al.*,

    Plaintiff,

v.

QFA ROYALTIES LLC,

    Defendants.

---

## DEFENDANT'S NOTICE OF PROPOSED ORDER AND MOTION FOR ENTRY OF THE SAME

---

Defendant QFA Royalties LLC ("Quiznos"), by its attorneys, hereby provides a proposed order to preserve the status quo pending a hearing on Plaintiffs' Motion for Preliminary Injunction.

1. By order dated December 19, 2006 (Doc. No. 15), this Court ordered that the parties meet and confer in an effort to agree on the terms of an appropriate TRO, which would preserve the status quo ante pending a hearing on the merits on Plaintiffs' Motion for Preliminary Injunction ("Motion").

2. Quiznos undertook two actions immediately upon receipt of the Court's December 19, 2006 Order.

    a. First, it stayed enforcement of the termination of the franchise agreements at issue and ensured that all franchise agreements at issue will remain in full force and effect pending the full hearing and decision on Plaintiffs'

Motion. In this regard, Quiznos contacted suppliers and instructed them to resume deliveries to those to whom deliveries had been suspended and ensured that the suppliers of product to all stores at issue would continue to supply those stores pending hearing and ruling on Plaintiffs' Motion. Quiznos also ensured that its personnel would comply with Quiznos' obligations under the franchise agreements. All of the stores are open and operating and Quiznos will continue to treat each franchisee and store as such pending a decision on the merits of the pending Motion.

b. Second, Quiznos counsel made efforts to confer with counsel for Plaintiffs. Attorneys Cohen and MacPhee together called and left a message with attorney Stross and requested that he call back at his earliest opportunity to discuss a stipulated order. Immediately after leaving that message, attorneys Cohen and MacPhee together called and left the same message with attorney Klein's office (while attorney Klein had not yet entered his appearance in this action, undersigned counsel understood he was involved and would soon be doing so). Attorney Klein returned the call to attorney Cohen later in the afternoon. In that conversation, Cohen informed Klien that: (1) Quiznos was going to unilaterailly and immediate take steps preserve the status quo ante; and (2) Quiznos also wanted all parties to agree not to speak to the press with respect to this matter until after the the Court's ruling on plaintiffs' preliminary injunction motion. Klein declined to address the issues substantively, but rather indicated he needed to confer with Mr. Stross.

3. By email later that day, Mr. Stross confirmed that he had talked with Klein, that he would inform his clients that their franchise agreements were not considered terminated at this time, and that he would send a proposed agreed order the following day. However, Stross never called or returned the message Cohen and MacPhee had left for him and, as of the time of this filing, Stross has not called to meet and confer as ordered.

4. Quiznos counsel was contacted by the media the next afternoon asking for comment on an article characterizing this Court's December 19 Order as a victory for the Plaintiffs and quoting Stross.

5. Hours later, without ever having contacted Cohen or MacPhee to meet and confer, Stross sent by email a proposed TRO in which he requested that Quiznos stipulate that Plaintiffs had meet their burden of proof and were entitled to the requested injunctive relief, proposed inaccurate facts, and indicated that Plaintiffs would not agree not to speak to the press (which they had by then already done). Stross also wrote that he was not in his office and did not leave a number at which he could be reached.

6. Undersigned counsel responded with an email raising these issues and requested that Stross call him so that the parties could meet and confer. As of the deadline for filing a proposed agreed order (and the filing of this proposed order) Stross had not called either Cohen or MacPhee.

7. Accordingly, Quiznos is herewith submitting a proposed order consistent with the court's December 19, 2006 Order and requesting that the court enter this proposed order.

Dated:  December 21, 2006

s/ Fredric A. Cohen

Fredric A. Cohen
**DLA Piper US LLP**
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601
T  312-368-4000
F  312-236-7516
Fredric.Cohen@dlapiper.com
Attorney for Defendant,
QFA Royalties LLC

# CERTIFICATE OF SERVICE

Fredric A. Cohen, an attorney, certifies that on December 21, 2006, he caused the **DEFENDANT'S NOTICE OF PROPOSED ORDER AND MOTION FOR ENTRY OF THE SAME** to be filed electronically with the court.  Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties indicated below. Parties may access this filing through the Court's CM/ECF system.

s/ Fredric A. Cohen

**Gregory Robert Stross** (gstross@earthlink.net)

**Justin M. Klein** (justin@marksklein.com)

**Leonard H. MacPhee** (lmacphee@perkinscoie.com)

**Fredric Adam Cohen** (fredric.cohen@dlapiper.com)