**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-02528-JLK

CHRIS BRAY,
SABINE BRAY,
TRAINING PROS INC.,
JEHAD MAJED,
ALI MAJED,
Q FOOD SERVICE, INC.,
BRAD FIX,
JAN FIX,
BJ AND F LLC,
RICHARD NEWKIRK,
MAUREEN NEWKIRK,
DAVID NEWKIRK,
NEWKIRK ENTERPRISES, INC,
R & M ENTERPRISES LLP,
HAKIM ABID,
ALLISON ABID,
DANIEL G. CARTER, JR.,
JODY L. CARTER,
DANIEL G. CARTER, SR.,
MADELEINE CARTER,
CARTER GROUP LLC,
CARTER GROUP ROSEVILLE LLC,
GLENN KEANE,
ANNE KEANE,
LKB LLC,
DAVID TATE,
BIG LITTLE PROPERTY INVESTMENTS, and
CTH INVESTMENTS,

      Plaintiff,

v.

QFA ROYALTIES LLC,

      Defendant.

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

33668-0077/LEGAL12951260.1

Defendant QFA Royalties LLC ("Quiznos"), by and through its attorneys, hereby submits its Motion for Partial Summary Judgment as follows:

## I.  INTRODUCTION

In their Complaint, dated December 15, 2006, Plaintiffs assert a claim of "coercion of First Amendment free speech rights," among other claims.  Plaintiffs allege that Quiznos' actions in response to harmful postings on a webpage maintained by the Toasted Subs Franchise Association ("TSFA") violates or threatens their rights under the First Amendment to the United States Constitution.  This claim fails as a matter of law.

The undisputed facts show there is no state action, which is required for a valid First Amendment claim.  Because Quiznos is a private company and the alleged conduct does not constitute a public function, was not coerced by the government, and does not demonstrate a sufficiently close nexus between Quiznos and the government, Quiznos has not performed an action "fairly attributable" to the State sufficient to constitute the necessary state action.  Therefore, summary judgment on this claim is appropriate.

## II.  STATEMENT OF UNDISPUTED MATERIAL FACTS

1.  Defendant Quiznos is a Delaware limited liability company with its principal place of business at 1475 Lawrence Street, Suite 400, Denver, Colorado 80202.  Quiznos is a private, for-profit corporation.  Declaration of Patrick Meyers, ¶ 3 ("Meyers Decl.").

2.  Quiznos has developed a highly successful submarine sandwich restaurant concept known as Quiznos Sub.  Quiznos has developed the system and operations for these restaurants, and it grants qualified persons the right to use its proprietary name, marks, and system pursuant to the terms of franchise agreements.  Meyers Decl., ¶ 4.

3. Plaintiffs are comprised of eight groups of individuals and businesses that are either parties to a franchise agreement with Quiznos or are guarantors of such an agreement. *See* ¶¶ 3-22 of Plaintiffs' Complaint. There are 15 Quiznos franchise agreements at issue. *Id.*

4. Quiznos provided notices of termination with respect to the 15 franchise agreements by notices dated December 8, 2006. Complaint ¶ 31. Some of the terminations were effective immediately, while others provided a period of time to cure the breach of the respective franchise agreement. That cure involved removing certain content from the TSFA webpage and issuing an affirmative statement. Complaint ¶ 32.

5. Quiznos' conduct in terminating the franchise agreements or in issuing notices with an opportunity to cure the default by issuing an affirmative retraction of the defamatory website content did not involve any government action or any function typically performed by the government. Meyers Decl. ¶ 6.

6. Quiznos' conduct in terminating the franchise agreements or in issuing notices with an opportunity to cure the default by issuing an affirmative retraction of the defamatory website content was not coerced or encouraged by any governmental entity. Meyers Decl., ¶ 7.

7. Quiznos' conduct in terminating the franchise agreements or in issuing notices with an opportunity to cure the default by issuing an affirmative retraction of the defamatory website content did not involve a symbiotic relationship or any nexus between Quiznos and the any governmental entity. Meyers Decl., ¶ 8.

8. No state or federal regulation or regulator was involved in Quiznos' decision to issue the termination notices with respect to any of the Plaintiffs' franchise agreements. Meyers Decl., ¶ 9. The only state law or regulation implicated in the actions of Quiznos at issue is that

Quiznos provided the notice and opportunity to cure set forth in state statutes or regulations with respect to franchises located in states which have enacted relationship laws requiring a certain notice period before a termination of franchise agreement can take effect.

### III.   ARGUMENT

**A.   Legal Standard for Summary Judgment.**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Munoz, M.D. v. St. Mary-Corwin Hospital*, 221 F.3d 1160, 1164 (10th Cir. 2000). Once a movant has made this showing, the non-moving party must identify specific facts to show the existence of a genuine issue of material fact on which the finder of fact could return a verdict in the plaintiff's favor in order to prevent summary judgment. *Munoz*, 221 F.3d at 1164, *citing*, *Thomas v. IBM,* 48 F.3d 478, 484 (10th Cir. 1995). The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-251 (1986). Once the requirements of Rule 56 are satisfied, summary judgment is mandatory. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the nonmoving party based on the evidence present in the motion and response. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 575 U.S. 574, 587 (1986). A party may file a motion for partial summary judgment as to the undisputed material facts, leaving at issue facts in dispute. *See, e.g., Leprino Foods Co. v. Factory Mut. Ins. Co.*, 453 F.3d 1281

(10th Cir. 2006). Here, partial summary judgment on Plaintiffs' second claim for relief is appropriate, as the undisputed facts show there is no state action.

**B.    Quiznos is a Private Party has Not Performed a State Action, which would be Required to Implicate the First Amendment.**

Quiznos is not a government entity. *See* Myers Decl. ¶ 3. Further, based on the undisputed facts, Quiznos actions as alleged by Plaintiffs are not "fairly attributable" to the State. Therefore, there is no state action, as would be required for Plaintiffs to prevail on their second claim for relief, and summary judgment is proper.

It is well established that to implicate Constitutional protections and assert a First Amendment claim, the complained of conduct must constitute state action. *See Hudgens v. N. L. R. B.*, 424 U.S. 507, 513 (1976) ("the constitutional guarantee of free speech is a guarantee only against abridgment by government"); *see also George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) ("the First Amendment protects individuals only against government, not private, infringements upon free speech rights…. bringing actions against private parties for infringement of their constitutional rights, therefore, must show that the private parties' infringement somehow constitutes state action"); *Pierce v. St. Vrain Valley Sch. Dist. RE-1J*, 981 P.2d 600, 603 n.5 (Colo. 1999) ("state action triggers the protections of the First Amendment"); *accord Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1254 (10th Cir. 2005).

Quiznos, a private for-profit company, cannot be deemed a State actor unless Plaintiffs demonstrate that Quiznos' actions may be "fairly attributable" to the State. *See Lugar v. Edumondson Oil Co.*, 457 U.S. 922, 937 (1982); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found.*, 538 U.S. 188,

189 (2003). Three primary tests have been developed to determine whether a private actor's conduct is "fairly attributable" to the State: (1) the "public function" test; (2) the "state compulsion" test; and (3) the "symbiotic relationship" or "nexus" tests. *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 296-305 (2001); *Lugar,* 457 U.S. at 939. The undisputed facts show that Plaintiffs cannot establish the necessary state action in connection with Quiznos' complained of actions under any of those tests.

Based on the undisputed facts, Plaintiffs cannot show that Quiznos' conduct in terminating Plaintiffs' respective franchise agreements or in issuing notices with a requirement that those Plaintiffs cure their breaches by affirmatively retracting the complained website content, is "fairly attributable" to the State under any of the three tests. Quiznos' conduct did not perform a public function; it was not compelled by the State; and there was no nexus between the conduct and the State. Simply put, there is absolutely no connection between the parties' contract or Quiznos' conduct and the State.[1]

First, the complained of conduct did not perform a public function. In evaluating whether a private party's conduct served a public function, "the question is whether the function performed has been traditionally the *exclusive* prerogative of the State. *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (emphasis in original) (internal quotations and citations omitted). The

---

[1] It should be noted that involvement of the court system in a dispute between private litigants does not implicate the necessary state action. "State enforcement of a contract between two private parties is not state action, even where one party's free speech rights are restricted by that agreement." *State v. Noah*, 9 P.3d 858, 871 (Wash. App. 2000). *See also Golden Gateway Ctr. v. Golden Gateway Tenants Assn.*, 29 P.3d 797, 810 (Cal. 2001) (refusing to find that landlord's efforts to judicially enforce ban preventing distribution of newsletter invoked Plaintiffs' free speech rights, and specifically noting that "judicial enforcement of injunctive relief does not, by itself, constitute state action for purposes of California's free speech clause"); *Assoc. Contract Loggers, Inc. v. U.S. Forest Service*, 84 F. Supp. 1029, 1033 (D. Minn. 2000) ("[a] private party does not become a state actor by the 'mere invocation' of legal procedures…. The mere use of legal procedures cannot suffice; there must be an affirmative governmental action encouraging the private action"). Thus, the enforcement of the contractual agreement cannot be said to be state action.

acts of terminating a franchise agreement and issuing notices requiring an affirmative retraction of a harmful publication are not exclusive functions of the State. Indeed, these are functions of private contracting parties and not even remotely, let alone exclusively, functions involving the State. Thus, Quiznos' conduct is not "fairly attributable" to the State based on the "public function" test.

Second, under the "state compulsion" test, conduct of a private party may be considered state action only when the State has "exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Plaintiffs cannot reasonably suggest that the State coerced or encouraged Plaintiffs to enter into their respective Franchise Agreements and the terms thereto. Similarly, Quiznos' response to Plaintiffs' breach of these agreements was in no way coerced by the State. *See* Myers Decl. ¶ 7. Therefore, Quiznos' conduct is not "fairly attributable" to the State based on the "state compulsion" test.

Third, the "nexus" test permits a "fair attribution" to the State only if "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). While franchising is a regulated industry, even extensive regulation is insufficient to establish the required nexus. *See Id*. at 350 ("[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment…. Nor does the fact that the regulation is extensive and detailed… do so"). Here, there was no federal regulation involved in any aspect of the decisions to terminate or issue the default notices with respect to any of the Plaintiffs' franchise

agreements.  *See* Myers Decl. ¶ 9.  Quiznos provided notice and opportunity to cure to those plaintiffs whose franchises were located in a state that has passed a statute or regulation regarding terminations of franchise agreements,[2] but that was the extent of any connection between a state statute or regulation to the actions at issue.  *Id*.  No state or federal regulator was involved in any way with the actions at issue.  *Id*.  Therefore, the "nexus" test fails to show a "fair attribution" of Quiznos' conduct to the State.  Thus, Plaintiffs cannot show that Quiznos' conduct may be "fairly attributable" to the State under any of the three tests.

Indeed, the First Amendment does not prevent enforcement of a party's contractual obligations to limit its speech.  *Pierce*, 981 P.2d at 603-04; *Krystkowiak*, 90 P.3d at 865.  As stated in *Pierce*, "the protections of the First Amendment are invoked in circumstances that have little relationship to contract law." *Id*. at 603.  "Colorado contract law," the court stated, "is law of general applicability." *Id*. at 604.  "Enforcement of the [contract] does not violate the First Amendment, but merely applies the law of contract in Colorado, which 'simply requires those making promises to keep them.'"  *Id*. (*quoting Cohen*, 501 U.S. at 669).  Quiznos' enforcement of its contract rights, including the request that Plaintiffs cure their breach of contract by removing the defamatory statements from the TSFA website and issuing an affirmative retraction, is merely a request that Plaintiffs honor their contractual obligations between two private parties.

In sum, the Constitutional protections against suppressed speech and forced speech are not available in this case, as the dispute is between private parties and there is no state action at issue.  Plaintiffs' second claim fails as a matter of law, based on the undisputed facts.

---

[2] It should be noted that in so doing, Quiznos did not and does not concede the applicability of any state law other than Colorado to the issues in this case.

## IV. CONCLUSION

For the foregoing reasons, Quiznos respectfully requests that this Court grant this Motion for Partial Summary Judgment and enter partial judgment in favor of Quiznos on Plaintiffs' "coercion of First Amendment rights" claim.

Dated this 8th day of January, 2007.

        Respectfully submitted,

        s/ *Leonard H. MacPhee*
        Leonard H. MacPhee
        Attorney for Defendant
        Perkins Coie LLP
        1899 Wynkoop Street, Suite 700
        Denver, CO 80202
        Telephone: (303) 291-2300
        Facsimile: (303) 291-2400
        Email: lmacphee@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Fredric Adam Cohen**
  fredric.cohen@dlapiper.com

- **Justin M. Klein**
  justin@marksklein.com,david@marksklein.com,joanne@marksklein.com

- **Gregory Robert Stross**
  gstross@earthlink.net

 

s/ *Leonard H. MacPhee*
Leonard H. MacPhee
Attorney for Defendant
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone:  (303) 291-2300
Facsimile:  (303) 291-2400
Email:  lmacphee@perkinscoie.com