# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02528-JLK

CHRIS BRAY,
SABINE BRAY,
TRAINING PROS INC.,
JEHAD MAJED,
ALI MAJED,
Q FOOD SERVICE, INC.,
BRAD FIX,
JAN FIX,
BJ AND F LLC,
RICHARD NEWKIRK,
MAUREEN NEWKIRK,
DAVID NEWKIRK,
NEWKIRK ENTERPRISES, INC,
R & M ENTERPRISES LLP,
HAKIM ABID,
ALLISON ABID,
DANIEL G. CARTER, JR.,
JODY L. CARTER,
DANIEL G. CARTER, SR.,
MADELEINE CARTER,
CARTER GROUP LLC,
CARTER GROUP ROSEVILLE LLC,
GLENN KEANE,
ANNE KEANE,
LKB LLC,
DAVID TATE,
BIG LITTLE PROPERTY INVESTMENTS, and
CTH INVESTMENTS,

     Plaintiff,

v.

QFA ROYALTIES LLC,

     Defendant.

## DECLARATION OF PATRICK MEYERS

33668-0400/LEGAL12933086.1

1. My name is Patrick Meyers. I am an individual over the age of eighteen (18) years. I have personal knowledge of the matters set forth in my Declaration and would be willing and able to testify thereto if and when called upon to do so.

2. I am an executive vice president and General Counsel for QFA Royalties LLC ("Quiznos").

3. QFA is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1475 Lawrence Street, Suite 400, Denver, Colorado 80202. Quiznos is a private, for-profit limited liability company. Quiznos is not a governmental entity.

4. Quiznos is engaged in the business of operating and granting franchises to qualified persons to operate Quiznos Sub Restaurants using Quiznos' unique business format, system of operations, and proprietary names and marks. There are currently over 4,200 Quiznos Sub Restaurants in the United States.

5. In undertaking my duties, I am familiar with the franchise agreements between Quiznos and the named Plaintiffs that are either parties to a franchise agreement with Quiznos or are guarantors of such an agreement. I am familiar with the notices that were sent to the Plaintiffs. Some of the notices terminated the respective franchise agreement effective immediately and some provided a period of time for the recipients to cure the breach of the respective franchise agreement.

6. Quiznos' conduct in issuing the notices was based upon the decision of Quiznos; the conduct did not involve any government action or any function typically performed by the government, the conduct was not coerced or encouraged by any governmental entity, and the

conduct did not involve a symbiotic relationship or any nexus between Quiznos and the any governmental entity.

9. Quiznos' decision to issue the termination notices and default notices with respect to any of the Plaintiffs' franchise agreements was based upon the decisions of Quiznos; no state or federal regulation or regulator was involved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 28, 2006

*s/Patrick Meyers*
Patrick Meyers