# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02528-JLK-CBS

CHRIS BRAY, et al.,

    Plaintiffs,

v.

QFA ROYALTIES LLC,

    Defendants.

_____

## PLAINTIFF JEHAD MAJED'S MOTION FOR PROTECTIVE ORDER
_____

Plaintiff Jehad Majed, by and through his undersigned counsel, moves this Court pursuant to Fed.R.Civ.P. 26(c)(1) and D.C.COLO.L.CivR. 30.1(A) for a protective order prohibiting the taking of his deposition.

<u>Certification Of Counsel Pursuant To Fed.R.Civ.P. 26(c) and D.C.COLO.L.CivR 7.1A.</u>  Plaintiffs' counsel certify that they have in good faith conferred with defendant's counsel in an effort to resolve the dispute without the Court's action.  Such efforts included several email communications concerning the scope and timing of discovery authorized in this case and compliance with relevant Rules of Civil Procedure.  Defendant's counsel indicated that he would contest this motion for protective order.

At the hearing conducted on December 22, 2006 the Court granted the defendant's motion to conduct expedited discovery, directed the parties to cooperate in establishing discovery procedures, and established a pre-hearing deadline for discovery of

February 8, 2007. The parties subsequently filed a stipulated motion establishing a discovery schedule, which was adopted by Order of the Court dated January 10, 2007. CM/ECF #27. That Order provided that depositions would occur in Denver at mutually agreed upon times on the days of January 24-26, 29 and 30, 2007. *Id.*

On January 18, 2007 defendant provided a Notice of Depositions in which Jehad Majed's deposition was scheduled for January 30, 2007. On or about January 25, 2007, Mr. Majed reached an agreement to settle his claims against the defendants in the above-captioned case. The settlement agreement has not yet been reduced to writing. However, the terms of that the parties agreed upon expressly included that "The depositions of the settling board members in the Bray, et al. action will be cancelled."

Avoiding the expense and inconvenience of a deposition was one of the reasons why Mr. Majed agreed to settle his claims. As a result of the settlement agreement, defense counsel canceled Mr. Majed's scheduled deposition.

On Saturday, February 3, 2007, after having scheduled and cancelled the deposition, defense counsel plaintiffs' counsel via e-mail indicated that they again wished to take Mr. Majed's deposition. Defense counsel stated that this desire was based upon information obtained in other depositions and a "belief" that Mr. Majed might be able to provide additional information in the matter.

Plaintiffs' counsel responded via e-mail on Tuesday, February 6, 2007, advising that they objected to the deposition because Mr. Majed and Quiznos had reached a full agreement concerning settlement of his claims, because he was no longer a party whose deposition could be taken by notice, because the request to depose Mr. Majed was made too late

2

in the discovery process, outside of the stipulated period for his deposition, and was without adequate notice to the witness and counsel.

Defense counsel advised plaintiffs' counsel that he would nonetheless notice Mr. Majed's deposition to take place in Michigan for Thursday, February 9, 2007 and did subsequently serve such notice via e-mail on plaintiffs' counsel.

Under Local Civil Rule 30.1(A), "[u]nless otherwise ordered by the court, 'reasonable notice' for the taking of depositions shall be not less than 11 days, as computed under Fed. R. Civ. P. 6." Even in light of the expedited discovery required in this case, a mere two days' notice for Mr. Majed's deposition is woefully insufficient to allow counsel properly to prepare Mr. Majed and to rearrange their schedules for such preparation and for the deposition itself.

In addition, it is unreasonable for defendants to notice Mr. Majed's deposition in the last week before the hearing, when they have had five weeks to take discovery. If Mr. Majed's deposition were truly necessary, defendants would sought to proceed with the originally scheduled deposition.

Finally, it is unreasonable and unfair for defendants to depose Mr. Majed this late in the expedited discovery process after reaching a settlement agreement with him and having induced that agreement in part by representing that defendants would not depose the settling plaintiffs.

Plaintiffs counsel are concerned that this is in reality but one of several attempts by defendant to interpose a discovery dispute into the action, perhaps to create a basis to seek

3

delay of the scheduled hearing. Plaintiffs will adamantly contest any unfounded pretext for continuance.

**WHEREFORE**, Plaintiff Jehad Majed respectfully requests the Court enter an Order pursuant to Fed.R.Civ.P. 26(c)(1) and D.C.COLO.L.CivR. 30.1(A) precluding the taking of his deposition on February 9, 2007.

DATED:   February 7, 2007
         Denver, Colorado

>Respectfully submitted,
>
>GREGORY R. STROSS
>ATTORNEY AT LAW
>
>By: *s/Gregory R. Stross*
>     Gregory R. Stross
>     2940 Wells Fargo Center
>     1700 Lincoln Street
>     Denver, Colorado 80203
>     Telephone 303-339-0647
>     Facsimile 303-572-5111
>     gstross@earthlink.net
>
>and
>
>Justin Klein
>Marks & Klein, LLP
>63 Riverside Avenue
>Red Bank, New Jersey 07701
>(732) 747-7100
>(732) 219-0625 (fax)
>justin@marksklein.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 7, 2007, I electronically filed the foregoing *Plaintiff Jehad Majed's Motion For Protective Order* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

 lmacphee@perkinscoie.com — Leonard H. MacPhee, Esq.
 fredric.cohen@dlapiper.com — Fredric A. Cohen, Esq.

          By: *s/Gregory R. Stross*
            Gregory R. Stross