IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02528-JLK-CBS

CHRISTOPHER BRAY, *et al.*,

Plaintiffs,

v.

QFA ROYALTIES LLC,

Defendant.

**RESPONSE TO MOTION FOR PROTECTIVE ORDER**

1. At the December 22, 2006 hearing, this Court admonished counsel not to engage in "school yard" games in connection with the expedited discovery granted to Defendants. This motion is precisely that.

2. First, contrary to the representation in the certificate of compliance, Plaintiffs' counsel did not sufficiently confer with counsel for Defendant before filing the motion for protective order.

3. Nonetheless, based on conversations between counsel this morning, Plaintiffs have now refused to produce Mr. Majed at the hearing. Therefore, there is an issue that requires the court's attention.

4. Second, and to correct inaccuracies in Plaintiffs' motion, Defendants provide the following.

5. The parties agreed that the depositions of the 8 principals (including Mr. Majed) would take place on January 24, 25 and 30 and 31. By notice dated January 18, 2007, Quiznos

33668-0077/LEGAL13012973.1

set the deposition of the 8 principals for those days.  The day before the first depositions were set, 5 of the plaintiff groups settled their claims and Quiznos agreed to cancel the deposition with respect to each of the settling Plaintiffs.  Jehad Majed was one of the plaintiffs who agreed to the settlement and whose deposition was cancelled.

6. Quiznos did not, however, waive receipt of responses to the written discovery it had timely served on all 8 plaintiff groups.  The requests sought production of documents regarding the decision and action of posting the Baber material on the TSFA web page, including communications by and between the board members.  After multiple agreed extensions, each plaintiff group served partial responses to those discovery requests.  Only Jehad Majed produced documents responsive to the above-described requests.

7. Quiznos deposed principals of the three remaining plaintiff groups.  Based on the testimony and limited written responses to the interrogatories, it became clear that two individuals, Mr. Bray and Mr. Majed, were primarily involved in the decision to publish the Baber suicide note on the TSFA website.

8. When Quiznos took the deposition of Chris Bray on Wednesday, January 31, 2007, he refused to acknowledge the accuracy of the emails between Mr. Majed and himself that had been produced by Majed but not Bray.[1]  These are emails that conclusively establish that before he knew of any suicide note, Mr. Bray wrote to Mr. Majed that he wanted to "exploit" the

---

[1] Bray testified that he deleted pertinent emails and other materials (notwithstanding an admonishment from his counsel not to) and then went into the "deleted items" folder on his computer and deleted the emails again, which ensured that they could not be obtained without a forensic specialist.  Quiznos requested that Bray produce the hard drives, but he has refused.  Of course, Quiznos does not now have time before the hearing to scrub the hard drives.  Nonetheless, the suggestion in Plaintiffs' motion that Quiznos is interested in a continuance is plain wrong.

suicide of fellow franchisee Bob Baber and any other Quiznos franchisee suicide, and in response to which Mr. Majed suggested they ask the police to search Baber's association's office to see if he had left a note. Bray tried after the fact to distance himself from this evidence by suggesting that perhaps the time reflected on the emails produced by Majed was wrong because the clock function on his computer had been inaccurate for some unknown period of time. Thus Mr. Majed's testimony is essential to authenticate the emails, Mr. Bray's statements, and the timing of the emails.

9. In addition, by email dated January 25, 2007, counsel for Plaintiffs himself indicated that Mr. Majed was still a witness Plaintiffs might call at the hearing,

10. In response to Bray's deposition testimony and because Plaintiffs listed Mr. Majed as a potential witness, on February 3, 2007, Quiznos' counsel requested that Plaintiffs make Mr. Majed available for a deposition the following week. Because Majed had supposedly agreed to the settlement (although well over a week had passed without Plaintiffs' counsel responding to the proposed settlement agreement Quiznos had sent—which is still unsigned) and because of the short notice (albeit consistent with the expedited nature of the discovery), Quiznos agreed to conduct the deposition by phone or in person in Detroit, Michigan where Majed lives.

11. Plaintiffs counsel ignored Quiznos' request for 2 days. Then, on Tuesday February 6, 2007, counsel objected by email to the deposition, stating in part they were objecting because Majed had agreed to settle, he should not be required to submit to a deposition. It is worth mentioning that under the settlement agreement he is required to provide full disclosure of his involvement with the events. There is no reason he cannot do this with a court reporter present.

12. In a series of several emails back and forth on Tuesday and Wednesday, the parties discussed their respective positions. At one point, to protect its rights, Quiznos served a notice of deposition. Plaintiffs reasserted their objection and now took the position that they would not call Mr. Majed as a witness at the hearing. In order to resolve the dispute, Quiznos agreed not to take Mr. Majed's deposition as scheduled, but insisted that Plaintiffs produce him at the hearing. Plaintiffs did not respond to this offer, but rather filed the motion for protective order.

13. In view of the foregoing, Defendant requests that the Court order that Mr. Majed (who has not been dismissed because he has not signed the settlement agreement) appear and testify and the hearing or that Mr. Majed be required to appear at a deposition before the hearing. In the alternative, Mr. Bray's motion for a preliminary injunction should be denied based on his failure to produce (and possible spoliation of) critical evidence.

Dated this 8th day of February 2007

Respectfully submitted,

s/ Leonard H. MacPhee
Leonard H. MacPhee
Attorney for Defendant
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: (303) 291-2300
Facsimile: (303) 291-2400
Email: lmacphee@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2007, I sent a copy of the foregoing to the following email addresses:

**Fredric Adam Cohen**
fredric.cohen@dlapiper.com

**Justin M. Klein**
justin@marksklein.com

**Gregory Robert Stross**
gstross@earthlink.net

                                        s/ Leonard H. MacPhee
                                        Leonard H. MacPhee
                                        Attorney for Defendant
                                        Perkins Coie LLP
                                        1899 Wynkoop Street, Suite 700
                                        Denver, CO 80202
                                        Telephone:  (303) 291-2300
                                        Facsimile:  (303) 291-2400
                                        Email:  lmacphee@perkinscoie.com