IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02528-JLK-CBS

CHRISTOPHER BRAY, *et al.*,

Plaintiffs,

v.

QFA ROYALTIES LLC,

Defendants.

### DEFENDANT'S MOTION FOR SANCTIONS OF DENIAL OF MOTION

Defendant QFA Royalties LLC ("Quiznos"), by its attorneys, hereby moves for sanctions, as follows:

In a late-filed reply brief, plaintiffs' counsel made serious misrepresentations and material omissions regarding, among other things, the terms of the settlement reached between Quiznos and some of the plaintiffs. Describing the terms of the settlement breached the confidentiality clause of the settlement agreement, violated the duty of candor to the tribunal, and violated the long-standing judicial principle that parties not disclose terms of settlement discussions to the finder of fact. What is more, it can only be viewed as an outrageous end around of the Court's Order prohibiting them from trying their claims in the press. Plaintiffs' counsel's conduct mandates the imposition of sanctions. The sanction should be denial of the pending motion and whatever other relief the Court deems appropriate.

On page 4 of the so-called Pre Trial Brief[1] [No. 38] the three non-settling plaintiffs, through counsel, purported to describe the terms of the settlement reached between Quiznos and the other plaintiffs. They left out material terms in the description. They recounted that Quiznos agreed to "withdraw and forbear from pursuing the terminations against [the settling plaintiffs] based upon the TSFA publication of the Baber-suicide materials" and that "Quiznos agreed to dismiss the individually-filed suits against these plaintiffs in Denver District Court." As for the settling plaintiffs' obligations, they recounted only that "these plaintiffs have agreed to dismiss their claims in this case [and] provide comprehensive releases of all possible claims against Quiznos."

They left out that the settling plaintiffs agreed in the settlement agreement that posting the Baber materials was inconsistent with their obligations in their franchise agreements:

> The Franchisees acknowledge that the posting of the Baber Letter was inconsistent with their contractual commitments under their Franchise Agreements.

Settlement Agreement ¶4. They also left out that the settling plaintiffs recommitted to comply with their contracts going forward, including specifically the provision that they would not engage in conduct that in Quiznos' sole judgment would harm the goodwill associated with the marks:

> The Franchisees acknowledge their continuing obligation under their Franchise Agreements to refrain from conduct, speech or other activities that, in the sole judgment of Quiznos, directly or indirectly, disparages or damages the Quiznos Sub brand, the Quiznos Sub system, Quiznos service marks or trademarks, or would subject the same, or any Quiznos' affiliate, or employee of any Quiznos' affiliates, to ridicule, scandal, reproach,

---

[1] The parties stipulated and this Court ordered that Defendants' Response to Plaintiffs' Motion for Preliminary Injunction was due on February 1, with Plaintiffs' Reply due on February 7 [No. 27]. Plaintiffs did not file a Reply on February 7, but rather waited until Friday afternoon on the 9th to file their reply under the title of Pre Trial Brief.

> scorn, or indignity or which would negatively impact the goodwill of Quiznos or its brand

Settlement Agreement, ¶7.

Moreover, the parties agreed to maintain the confidentiality of both the fact of settlement and any and all of the terms:

> The parties to this Agreement, and each of them, agree not to disclose the fact or terms of this Agreement to any person other than (i) to their respective legal counsel or tax and/or financial advisors who shall each have been informed by such party of the confidentiality provisions of this ¶ 5, and (ii) as otherwise required by law.

Settlement Agreement, ¶5 .

Why would counsel for the remaining three plaintiffs so blatantly breach this confidentiality obligation of their other five clients and simultaneously lie to the court by omitting material terms? No one puts settlement terms in a trial brief of a reply. They did it to poison the well and circumvent this Court's prior order. Sanctions are warranted.

This court enjoys wide discretion in determining whether to impose sanctions and in concluding what the appropriate sanctions are. One source of authority is the inherent authority conferred on courts. *Chavez v. City of Albuquerque*, 402 F. 3d 1039, 1043-44 (10th Cir. 2005). "It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.' " *Id.* citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 115 L.Ed.2d 27 (1991) (quoting *United States v. Hudson,* 7 Cranch 32, 34, 3 L.Ed. 259 (1812)). Within the Courts' options in imposing sanctions under the Court's inherent powers is the authority to vacate a judgment when a fraud has been perpetrated on the court. *Chavez v. City of Albuquerque*, 402 F. 3d 1039, 1043-44; *Chambers,* 501 U.S. at 44, 111 S.Ct. at 2132. See also *Archibeque v. Atchison, Topeka, and Santa Fe Railway*

*Co.,* 70 F.3d 1172, 1174 (10th Cir.1995) (Plaintiff's false statements and failures to disclose information in discovery warranted dismissal of plaintiffs' claims). Similarly, it follows that the Court may deny a motion when the moving party has engaged in the type of improper conduct here.

The Tenth Circuit has articulated a number of factors that may inform the District Court's discretion in determining whether dismissal of a claim is an appropriate sanction:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Chavez v. City of Albuquerque*, 402 F. 3d at 1043-44 citing *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992) (internal citations and quotation marks omitted). This list is not exhaustive, nor are the factors necessarily equiponderant. *See Archibeque,* 70 F.3d at 1174; *Ehrenhaus,* 965 F.2d at 921. And, the sanction of denying a motion, as opposed to full dismissal of the case, would require a less burdensome showing. The first two factors are particularly applicable here. Plaintiffs' counsels' misconduct is so blatant and so obviously undertaken for an improper purpose--to affect the integrity of the judicial process—that serious sanctions are warranted.

First, the potential prejudice is readily apparent. Not only is the effort to make it look like Quiznos abandoned its claim that the terminations were proper in exchange only for a release and with no assurances that the franchisees would cease the conduct going forward an attempt to influence this Court with respect to the merits of the claims, but it is also an attempt to influence the court of public opinion. The Pre Trial Brief is now a public record in a case that has already been the subject of media reports, in the local

Denver media, within the Quiznos franchise community and in the franchise industry generally. The disclosure of the accurate terms of the settlement would have had a potential prejudicial effect on Quiznos in this closely watched and public industry—the omission of terms favorable to Quiznos compounds this prejudice.

Second, this conduct constitutes serious interference with the judicial process, as Plaintiffs engaged in at least three different violations of rules intended to protect the integrity of the same. Numerous courts have found that sanctions are warranted for a lack of candor to the tribunal when counsel misrepresent facts or law by providing incomplete or inaccurate information. For example, in *Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346, 1355 (Fed. Cir. 2003) the Court found that sanctions under Rule 11 were warranted against an attorney for providing only partial quotes in a brief in a way that created a false impression to the court. *See also Jenkins v. Methodist Hospitals of Dallas, Inc.*, 2007 WL 259571 *7-8 (5th Cir. Jan. 31, 2007) (finding that even an isolated (one word) factual misrepresentation in a brief can warrant Rule 11 sanctions); *Chavez v. City of Albuquerque*, 402 F. 3d 1039, 1043-44 (10th Cir. 2005) (finding dismissal of plaintiff's claims an appropriate sanction under Court's inherent authority when plaintiff provided false testimony); *Fink v. Gomez*, 239 F. 3d 989, 991-94 (9th Cir. 2001) (reversing lower court's decision not to award sanctions after finding attorney recklessly made misrepresentations to court in effort to improperly influence proceedings in another matter and holding that the bad faith required for award of sanctions under court's inherent power is satisfied by reckless conduct and improper purpose); *In re Kouterick*, 167 BR 353, 362-66 (Bank. D. NJ 1994) (misrepresentations and material omissions in brief or pleadings violate Bankruptcy Rule 9011 and warrant

imposition of sanctions when used for an improper purpose); *Rice v. Hamilton Oil Corp.*, 658 F. Supp. 446, 450 (D. Colo. 1987) (awarding sanctions under Rule 11 against plaintiffs' counsel for omitting portions of quotes and otherwise presenting selective information creating a false impression in filings); *Acrotube, Inc. v. J.K. Financial Group, Inc.*, 653 F. Supp. 470, 478 (N.D. Ga. 1987). *Accord Sheppard v. River Valley Fitness One,* 428 F. 3d 1, 9-10 (1st Cir. 2005) (affirming award of sanctions where attorney intentionally omitted material provisions of settlement agreement with one plaintiff when describing same to the other plaintiff in an effort to gain advantage in negotiations with that remaining plaintiff)[2].

In addition, sanctions are appropriate for violation of a confidentiality provision in a settlement agreement. *Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 952-54 (5th Cir. 2001). In *Toon*, the Court found that an award of sanctions against an attorney was appropriate when, in connection with a motion to enforce a confidential settlement agreement, he intentionally and in bad faith filed it with court. The Court held that the attorney should have filed the agreement under seal, especially because of the public nature of the dispute (involving claimed abuse of inmates). *Id.* Here the ethical misconduct is compounded by the fact that counsel breached the contractual commitments of 5 of their clients to advance the interest of three others.

And the Tenth Circuit has gone out of its way in dicta to describe a counsel's provision of settlement information to the finder of fact in order to influence it as

---

[2] Another example: Plaintiffs argue that "[t]he applicable Minnesota statute…is unequivocal in directing a court that irreparable harm must be presumed." (Brief at 16). What the statute actually says is: "Irreparable harm to the franchisee will be presumed if there is a violation of this section by a person who is required to register under section 802.02, but who fails to do so." There is no claim, nor could there be, that Quiznos failed to register its franchise opportunity in Minnesota. Plaintiffs' characterization of the statute is another material misrepresentation.

warranting serious sanctions and a new trial. *Bowles Financial Group, Inc. v. Stifel, Nicolaus & Co., Inc.,* 22 F.3d 1010, 1012 (10th Cir. 1994). In *Bowles* the court was asked to vacate an arbitration award due to counsel's communication of a settlement offer to the arbitrators. The Tenth Circuit affirmed the district court's decision not to vacate the award because of the high standards for doing so, but left no doubt as to what would have happened if counsel had done such an obviously improper act in a court action; "significant sanctions would have been imposed and a mistrial ordered." *Id.* at 1012 n.1. The Court went on to ponder why the arbitration rules and typical arbitration contracts did not expressly prevent this conduct, "[i]t could be that the professionalism of counsel has previously prevented this problem from arising." *Id.* at 1013.

Here, counsel broke all of these rules of conduct. In an effort to influence the tribunal and the public, it communicated terms of the settlement reached with their other clients (who had asserted the exact same claims). This action not only violates Fed. R. Evid. 408, but also a purpose behind the rule--to maintain the integrity of the judicial system by avoiding the appearance that settlement terms suggest the merits of either parties' claims. Counsel did so in an obvious breach of the confidential terms of that settlement—jeopardizing the interests of their five settling clients to further the interests of the three who chose not to settle. And, they did so dishonestly by omitting material facts, including that their clients acknowledged that the posting of the Baber suicide note was inconsistent with their obligations under their franchise agreements and reconfirmed that going forward undertaking action that in Quiznos' sole judgment harms the goodwill associated Quiznos' marks, would be a breach of their franchise agreements. The

presentation of confidential settlement terms in this fashion effectively circumvents this Court's order prohibiting them from trying their case in the press.

This court's inherent powers permit it to sanction this conduct. The appropriate sanction is, at a minimum, denial of the pending motion by those that are still pursuing it.

Dated this 12th day of February 2007

Respectfully submitted,

s/ *Leonard H. MacPhee*
Leonard H. MacPhee
Attorney for Defendant
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: (303) 291-2300
Facsimile: (303) 291-2400
Email: lmacphee@perkinscoie.com

CERTIFICATE OF SERVICE

      I hereby certify that on February 12, 2007, I electronically filed the foregoing with the Clerk of Court using the **CM/ECF system** which will send notification of such filing to the following email addresses:

- **Fredric Adam Cohen**
  fredric.cohen@dlapiper.com

- **Justin M. Klein**
  justin@marksklein.com,david@marksklein.com,joanne@marksklein.com

- **Gregory Robert Stross**
  gstross@earthlink.net

                                            s/ *Leonard H. MacPhee*
                                            Leonard H. MacPhee
                                            Attorney for Defendant
                                            Perkins Coie LLP
                                            1899 Wynkoop Street, Suite 700
                                            Denver, CO 80202
                                            Telephone:  (303) 291-2300
                                            Facsimile:  (303) 291-2400
                                            Email:  lmacphee@perkinscoie.com