IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-02528-JLK
_____

CHRISTOPHER BRAY,
SABINE BRAY,
TRAINING PROS, INC.,
HAKIM ABID,
ALLISON ABID,
BRAD FIX,
JAN FIX, and
BJ AND F LLC

        Plaintiffs,

v.

QFA ROYALTIES LLC, a Delaware limited liability company,

        Defendant.
_____

**POST-HEARING BRIEF CONCERNING
MOTION FOR PRELIMINARY INJUNCTION**
_____

        **COME NOW** plaintiffs Christopher Bray, Sabine Bray, Training Pros, Inc., Hakim Abid, Allison Abid, Brad Fix, Jan Fix, and BJ and F LLC, by and through their undersigned counsel, and provide the Court with this post-hearing brief concerning plaintiffs' pending *Motion for Preliminary Injunction*.

        A hearing on the *Motion for Preliminary Injunction* was conducted on February 12-13, 2007.  At the beginning of the hearing the Court indicated that the applicable law concerning preliminary injunctive relief is enunciated in the Tenth Circuit case of *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149 (10th Cir. 2001).  The Court also noted that,

under the standard of *Dominion*, plaintiffs here sought injunctive relief that is prohibitory in nature, rather than mandatory or regulatory.

Plaintiffs' *Trial Brief For Hearing On Preliminary Injunction* (CM/ECF #38) asserted that, based upon the discovery conducted by the parties, the alleged events did not appear to be contested.  At the hearing on February 12, 2007 and following the Court's initial remarks, plaintiffs offered to stipulate to both the applicable law and events not in dispute, as reviewed by the Court.  Defendant QFA Royalties, LLC ("Quiznos"), declined to stipulate to the facts or the law as presented by the Court and the matter proceeded to the presentation of evidence.

Plaintiffs presented the testimony of Allison Abid, Christopher Bray and Brad Fix, each representing their respective franchise group.  Additionally, plaintiffs offered the deposition testimony of Carri Bryan and Jehad Majed into evidence without objection by defendant.  (CM/ECF #46, p.2).  The deposition testimony of Ratty Baber and Whittier Police Lieutenant J. Piper were admitted over defendant's objections.  (CM/ECF #46, p.2).

Quiznos presented evidence from witnesses Patrick Meyers, Michael Daigle, Carri Bryan and Leslie Patten.

Following the presentation of all evidence, defendant requested the opportunity to present the Court with a post-trial brief and the Court took the matter under advisement pending submission of such briefs.

## Standard of Law

As noted above, at the hearing the Court stated that the case of *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149 (10th Cir. 2001), is controlling in this matter. *Dominion* provides that the movant must clearly establish the four essential factors to obtain preliminary injunctive relief.[1]  *Dominion*, 269 F.3d at 1154.  More pertinent to this matter, *Dominion* also specifically addresses whether preliminary injunctive relief that requires parties to continue in a business relationship is prohibitory or mandatory in nature, and whether an absence of injunctive relief that would cause a complete failure of a business may constitute irreparable harm.

The factual background in *Dominion* is similar to those facts presented in this matter. Like here, *Dominion* involved a business relationship with an on-going contractual relationship where entry of injunctive relief would require the parties to continue to work with one another. This Court concluded in *Dominion* that requiring the parties to continue to conduct business under the terms of their contract was not mandatory injunctive relief. This conclusion was upheld by the Tenth Circuit Court of Appeals. *Dominion* 269 F.3d at 1155.  Thus, neither in *Dominion* nor in this case would the injunctive relief compel the defendant "to do something it was not already doing during the last uncontested period preceding the injunction." *Id.*  Without support in facts or in law, Quiznos apparently contends that the relief requested herein is mandatory or regulatory in nature, and therefore warrants a higher standard for the granting

---

[1] The four factors are 1) substantial likelihood of success on the merits, 2) irreparable injury to the movant if the injunction is denied, 3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction, and 4) the injunction would not be adverse to the public interest. *Dominion*, 269 F.3d 1149, 1154 (10th Cir. 2001).  This well-established law does not appear to be contested between the parties.

3

injunctive relief. This conclusion is unfounded.

Like defendant herein, the defendant in *Dominion* improperly argued that any harm plaintiff would suffer from the denial of injunctive relief would be strictly monetary and thus not irreparable. *Dominion*, 269 F.3d at 1155. In granting the requested relief in *Dominion*, this Court specifically concluded that "denying Dominion injunctive relief would result in Dominion's loss of reputation, good will, marketing potential, and ability to meet its [other] contractual obligations . . . ." *Id.* at 1156. The same result is warranted in the instant case.

### **Factual Evidence**

The factual evidence adduced by plaintiffs at the hearing did not differ from their assertions in previously filed pleadings. Supplementary to those facts, Christopher Bray, Allison Abid, and Brad Fix each testified concerning the likely consequences to their business operations, themselves and their families, should they be required to close their respective restaurants during the pendency of this action.[2]

Each of the plaintiffs testified that the closing of their restaurants would be catastrophic in both the short term and to their long-term efforts to build successful businesses. Essentially, denial of the requested relief would sound the death knell for plaintiffs' business operations. Each of the plaintiffs testified that there would be no means available to meet continuing lease obligations during a period awaiting trial. Two of these plaintiffs, Allison Abid and Brad Fix, testified that they had already experienced and would continue to have personnel difficulties in

---

[2] Plaintiffs limit this brief to addressing the new evidence adduced at hearing, which concerned only the factor of irreparable harm.

retaining Quiznos-certified managers based upon defendant's current attempt to terminate their operations. All of the testifying plaintiffs indicated that it was impossible to reasonably quantify the damages that would be suffered with the closing of their stores.

Quiznos, through expert testimony provided by Leslie Patten[3], asks the Court to conclude that there is currently a determinable value for each store owned by the plaintiffs and, therefore, any harm they may suffer has a maximum calculable value and cannot be classified as irreparable. Mr. Patten did not opine as to any specific values, but only the broader principles and various accounting methods that might used to value any commercial operation, such as these restaurants.

Plaintiffs do not contest the methodology or accounting principles that Mr. Patten discussed. Nor even his ultimate conclusion that some type of dollar values *can be* placed upon any commercial operation, including these restaurants, when so required. Instead plaintiffs assert that the underlying premise – that these businesses must *only* be measured in terms of dollars – is faulty. The very existence of F.R.Civ.P. 65 is an acknowledgment that not all damages can be or should be measured purely in economic terms.

Mr. Patten testified that there are different methods to measure economic loss with regard to these restaurants. One method would be to consider the fair market sale value, another method might consider the total investment made by the plaintiff through equipment and labor. Although each is valid, they may yield substantially different results. In this case, as in *Dominion*, where

---

[3] As noted in the hearing, plaintiffs' withdrew any objection concerning Mr. Patten's expert qualifications based upon the Court's representations as to its extensive experience with and previous qualifications of Mr. Patten in such expert capacity. Nonetheless, plaintiffs were never provided with any discovery anticipated under Rule 26 concerning his opinions or even the topics to which he would testify, and conducted his cross-examination "on the

the damages relate to a commercial enterprise but involve loss of reputation, good will, marketing potential, and the business's ability to meet contractual obligations, cold economic calculations are simply inadequate. The law recognizes that in these circumstances it is necessary to maintain the status quo.

Mr. Patten is, by his very nature, limited to quantifying damages in purely economic terms. Absent from Mr. Pattens' testimony was any consideration of the value attributed to owning your own business (i.e. the self-pride and other inner values associated with small-business ownership) or the value of having a family business remain in the family. Mr. Patten's expertise is unassailable, but his testimony made clear that a formulaic economic evaluation will never be capable of assessing the aesthetic value of a 100-year-old oak tree. Under Rule 65, however, such considerations are expressly part of the Court's role in determining whether injunctive relief is appropriate.

### Summary

Based upon the unambiguous law and uncontroverted facts, plaintiffs request this Court to grant their *Motion For Preliminary Injunction.*

---

fly."

DATED this 20th day of February, 2007.

          Respectfully submitted,

          By: *s/Gregory R. Stross*
          Gregory R. Stross
          Attorney for Plaintiffs
          1700 Lincoln Street, Suite 2940
          Denver, Colorado 80203
          Telephone 303-339-0647
          Facsimile 303-572-5111
          gstross@earthlink.net

          and

          Justin Klein
          Marks & Klein, LLP
          63 Riverside Avenue
          Red Bank, New Jersey 07701
          (732) 747-7100
          (732) 219-0625 (fax)
          justin@marksklein.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2007 I electronically filed the foregoing *Post-Hearing Brief Concerning Motion For Preliminary Injunction* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    lmacphee@perkinscoie.com — Leonard H. MacPhee, Esq.
    fredric.cohen@dlapiper.com — Fredric A. Cohen, Esq.

          By: *s/Gregory R. Stross*
             Gregory R. Stross