IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-02528-JLK
_____

CHRISTOPHER BRAY,
SABINE BRAY,
TRAINING PROS, INC.,
HAKIM ABID,
ALLISON ABID,
BRAD FIX,
JAN FIX, and
BJ AND F LLC,

        Plaintiffs,

v.

QFA ROYALTIES LLC, a Delaware limited liability company,

        Defendant.
_____

### PLAINTIFFS' RESPONSE TO MOTION FOR SANCTIONS
_____

      **COME NOW** plaintiffs Christopher Bray, Sabine Bray, Training Pros, Inc., Hakim Abid, Allison Abid, Brad Fix, Jan Fix, and BJ and F LLC, by and through their undersigned counsel, and provide the Court with this Response to Defendant's Motion for Sanctions.

      On February 11, 2007 on the eve of the first scheduled day of a Court-ordered evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction, Defendant filed a Motion for Sanctions of Denial of Motion ("Motion").  Defendant filed this Motion in response to what it termed Plaintiffs' "late filed reply brief," but was in fact Plaintiffs' pre-trial brief filed in accordance

1

with this Court's specified procedures.[1]

Defendant's Motion alleges without foundation that the inclusion of the confidential material was malicious and part of a conspiracy theory concerning a broader intent behind Plaintiffs' pre-trial brief. Plaintiffs concede that the inclusion of specific settlement information was improper, but was merely inadvertent. Submitted herewith as Exhibit A is the Declaration of Gregory Stross, Esq., counsel for Plaintiffs ("Stross Declaration"). Mr. Stross' Declaration more fully discusses the facts and circumstances related to the filing of the pre-trial brief.

The improper disclosure was minimal[2], actually casting the limited settlement in a highly-favorable light for Defendant and resulting in little or no prejudice. Further, Defendant's filing of this Motion appears to be a detailed effort to present its side of the story to this Court and those in the public it asserts might be interested in this litigation.

Defendant's Motion must be denied for several specific reasons: 1) Defendant failed to comply with the Local Rules in filing its Motion; 2) Defendant failed to comply with the Federal Rules of Civil Procedure in filing its Motion; and 3) Plaintiffs' counsel's inadvertent inclusion of the very limited amount of information concerning the then-unsigned settlement agreement[3] caused no harm or prejudice to Defendant.

---

[1] *See* Kane Memorandum concerning Pretrial and Trial Procedures, p.10, revised 12/30/03, that states, "Trial briefs are encouraged for use in bench trials, but are of dubious import in jury trials."

[2] The improper disclosure was limited to the sentence clause indication that the settlement plaintiffs would "provide comprehensive releases of all possible claims" (pre-trial brief, p.4) and that the settlement in the related case of QFA Royalties, LLC, v. TSFA would provide for the website to have limited public access. All other information – dismissal of the suits themselves and plaintiffs' rights to continue to operate their restaurants, would be public information.

[3] The five Plaintiff groups did in fact resolve their disputes with Defendant.

**I.      Denial Of The Motion On Its Face Is Appropriate As Defendant Failed To Comply With Local Rule 7.1.**

In its haste to file the Motion prior to the commencement of the evidentiary hearing, Defendant disregarded the requirements of conferring with opposing counsel, pursuant to Local Rule 7.1. D.C.COLO.LCivR 7.1. Concomitantly, Defendant failed to provide the required statement of compliance with the Local Rules in its Motion. D.C.COLO.LCivR 7.1. As such, the Motion was, on its face, improperly filed.

Local Rule 7.1 provides, *inter alia*,

> The court will not consider any motion, other than a motion under Fed.R.Civ.P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

D.C.COLO.LCivR 7.1.A.

Strict compliance with Local Rule 7.1 is not always mandated. *See e.g, Birdie, LLC, v. Mon Petit Oiseau, LLC*, slip opinion, 2006 WL 2583593, D.Colo., Sep. 6, 2006 (J. Babcock noting that the conceded failure to certify a conferring among counsel did not exclude consideration of the motion since correspondence discussing the desire to transfer the action could be construed to have complied with Local Rule 7.1.A). In certain circumstances, the failure to comply with Local Rule 7.1, however, may result in the Tenth Circuit refusing to review the denial of a motion. *See e.g.*, *Hartnett v. O'Rourke,* 69 Fed.Appx. 971, 982 (10th Cir. 2003) (Court of appeals refused to review denial of Motion where movant failed to comply with Local Rule 7.1).

Unlike in the *Birdie* case, however, here the lack of certification under Local Rule 7.1.A was due solely to the failure to undertake any type of communication with opposing counsel concerning the subject of the motion.

Defendant's failure to comply with the Local Rules mandates denial of this Motion.

**II.     Denial Of The Motion On Its Face Is Appropriate As Defendant Failed To Comply With Fed.R.Civ.P. 11(C)(1)(A).**

It is undisputed that Defendant's counsel did not confer with Plaintiffs' attorneys prior to the filing of this Motion, provided no forewarning, and provided no "safe harbor" as is required under the Federal Rules of Civil Procedure. Fed.R.Civ.P. 11. To the extent Defendant seeks sanctions under Fed.R.Civ.P. 11 (Motion, p.5-6), it failed to comply with the procedural requirements of Rule 11(C)(1)(A) and therefore denial of the Motion is mandated.

Fed.R.Civ.P. 11 provides, in pertinent part, as follows:

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that *subdivision (b)* has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated *subdivision (b)* or are responsible for the violation.

   (1) How Initiated.

      (A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate *subdivision (b)*. It shall be served as provided in *Rule 5*, **but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.** If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. (Emphasis added)* * *

F.R.Civ.P. 65(c)(1)(A) (emphasis added); *see Roth v. Green* 466 F.3d 1179, 1191 (10th Cir. 2006).

Rule 11 sanctions may be sought by motion, but the Rule requires that such motions follow a specific procedure. The Rule requires that the motion first be served on the opponent, but that the movant wait at least 21 days before filing the motion with the court. Fed.R.Civ.P. 11(c)(1)(A). If, during the 21-day "safe harbor" period, the challenged pleading is withdrawn or corrected by the opponent, the movant cannot seek sanctions. *Id.; see also Consumer Crusade, Inc., v. Public Tel. Corp. of Am.*, slip opinion, 2006 WL 2434081 (D.Colo. Aug. 21, 2006); *McCoy v. West*, 965 F. Supp. 34 (D.Colo. 1997).

Failing to confer or attempting to confer causes unnecessary motions to be filed, as was likely the case here. Requiring the courts to resolve disputes that the parties themselves could have resolved, needlessly expends resources that could better be utilized elsewhere. *Coumerilh v. Tricam Indus., Inc.,* slip opinion, 2007 WL 470621 (D.Colo. Feb. 5, 2007). Failure to confer on a motion may lead to a denial of the motion and can in fact lead to sanctions for the attorney filing the motion. *Id.; see also* 5A Charles Alan Wright and Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1337.2, at 722-3 (3d ed. 2004) ("a failure to comply with [Rule 11] [should] result in the rejection of the motion for sanctions").

Defendant failed to comply with Rule 11, allowing the requisite 21-day safe-harbor period, accordingly, the Motion should be denied.

### III. Defendant Has Suffered No Prejudice And Plaintiffs' Attorney's Actions Were Not Deliberate Or Intentional.

Contrary to Defendant's assertions, Plaintiffs' attorneys had no grand plan or strategy to

divulge any of the terms of any purported settlement agreement or the negotiations that led up to the forging of any such agreement. In fact, had Defendant complied with Local Rule 7.1.A. or FR.Civ.P 11, Plaintiffs would have immediately sought to have its pre-trial brief placed under seal or stipulate to such additional disclosures as defendant may have requested in order to ameliorate any negative effect from the improper disclosure. However, Defendant chose to hastily file the instant Motion in an apparent effort to correct any misconceptions it felt were caused based upon Plaintiffs' brief. Choosing this course of action was not only contrary to applicable rules, but effectively alleviated or eliminated any alleged prejudice it may have otherwise suffered.

There is no question that Mr. Stross' inclusion of the settlement information was improper, however, the factual background and cause of the error lacks any nefarious intent. As noted in the Declaration of Gregory Stross, counsel for plaintiffs divided duties such that Justin Klein, Esq. exclusively addressed settlement with defendant's counsel. Stross Declaration, p.1-2. Mr. Stross played no role in the negotiation of the settlement agreements with defendant's attorneys, which involved several weeks and numerous edited versions. Stross Declaration, p.1-2. Mr. Stross during this period was responsible for the composition of the pre-trial brief. Stross Declaration, p.2. At the time the pre-trial brief was filed, the parties had not formally executed the settlement agreements. Stross Declaration, p.2. The agreement was signed and forwarded to Defendant's Counsel by Mr. Klein a day later, on February 10, 2007. Stross Declaration, p.2. Although Mr. Stross knew that the agreement contained a general confidentially provision, he had never reviewed the agreements in any form. Stross Declaration, p.2.

At no time was there any intent to disclose the confidential contents of the settlement agreement and such information was intended only to be informational for the Court in preparation for the hearing. Stross Declaration, p.2-3.

Additionally, it should be noted that during oral argument, held on February 8, 2007, prior the filing of the Plaintiffs' Trial Brief, Defendant's counsel, Fredric Cohen, Esq. disclosed a portion of the intended settlement agreement in open court. When arguing his need to depose then-plaintiff Jehad Majed, Mr. Cohen informed the Court,

> In that Settlement Agreement, one of the conditions of each of the settling plaintiffs is that they give us full disclosure of their own individual involvement in the decision to post the suicide note on the website and their own involvement in the execution of that decision.

Exhibit B, Reporter's Transcript (motion for protective order), 2/8/07, p.9, l.11-16.

This was undoubtedly germane to his argument, but was nonetheless a unilateral disclosure to the Court of a provision in the otherwise-confidential settlement agreement – exactly the action Defendant complains of to the Court in its sanctions Motion just 72-hours later. Using Defendant's reasoning, Plaintiffs might have argued that Mr. Cohen's disclosure presented the Court and public with a skewed misimpression that the settling plaintiffs had agreed to "roll over on" the remaining plaintiffs. Such argument would plainly be frivolous. Similarly and because the disclosure by Plaintiffs' counsel was inadvertent, Defendant's argument here is also without merit.

**IV.   Summary.**

Plaintiffs' counsel Stross admits that his negligence resulted in a very limited disclosure

of parts of a settlement agreement with five of the plaintiff groups in this matter. The disclosure was wholly inadvertent. Defendant's failure to comply with both the Local Rules and Federal Rules of Civil Procedure indicate that the Motion should be denied. Further, any potential prejudice was spoken to at length and corrected in Defendant's Motion.

If any type of sanction is warranted, the requested relief, denial of the motion for injunctive relief, is unrelated to the counsel's error, grossly excessive, and would serve no valid remedial purpose. If a sanction is appropriate, it properly should be imposed only upon counsel Stross individually, as there is no reasonable basis by which the Plaintiffs should be penalized for his errant actions.

DATED this 21st day of February, 2007.

Respectfully submitted,

*s/Gregory R. Stross*
Gregory R. Stross
Attorney for Plaintiffs
2940 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Telephone 303-339-0647
Facsimile 303-572-5111
gstross@earthlink.net

and

Justin Klein
Marks & Klein, LLP
63 Riverside Avenue
Red Bank, New Jersey 07701
Telephone 732-747-7100
Facsimile 219-0625
justin@marksklein.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2007 I electronically filed the foregoing *Response to Motion for Sanctions* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    lmacphee@perkinscoie.com — Leonard H. MacPhee, Esq.
    fredric.cohen@dlapiper.com — Fredric A. Cohen, Esq.

                                          By: *s/Gregory R. Stross*
                                              Gregory R. Stross