```
 1              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLORADO
 2
    Civil Action No. 06-cv-02528
 3
    CHRIS BRAY, et al.,
 4
    Plaintiffs,                              ORIGINAL
 5
    vs.
 6
    QFA ROYALTIES LLC,
 7
    Defendant.
 8
    _____
 9
                       REPORTER'S TRANSCRIPT
10                   (Motion for Protective Order)

11  _____

12            Proceedings before the HONORABLE JOHN L.
    KANE, JR., Senior Judge, Alfred A. Arraj United States
13  Courthouse for the District of Colorado, commencing at
    1:59 p.m. on Thursday, February 8, 2007, in Courtroom
14  A802, Denver, Colorado.

15                       A P P E A R A N C E S

16  FOR THE PLAINTIFFS:     JUSTIN KLINE, ESQ.
                            (By phone)
17                          Marks & Kline LLP
                            63 Riverside Avenue
18                          Red Bank, NJ 07701

19  FOR THE DEFENDANT:      FREDERIC A. COHEN, ESQ.
                            (By Phone)
20                          DLA Piper
                            203 LaSalle Street
21                          Chicago, IL 60601

22                          LEONARD H. MacPHEE, ESQ.
                            (By phone)
23                          Perkins Coie LLP
                            1899 Wynkoop Street, Suite 700
24                          Denver, CO 80202

25
```

```
 1                    ADRIENNE WHITLOW, CSR
                       8000 E. Girard Street
 2                       Denver, CO 80231
            Proceedings Reported by Mechanical Stenography
 3                  Computer-Aided Transcription

 4                    P R O C E E D I N G S

 5        (In open court at 9:00 a.m.)

 6                THE COURT:  All right.  The record
 7   should reflect that this is Civil Action No. 06-02528,
 8   Christopher Bray, et al. v. QFA Royalties LLC,
 9   Defendant.
10                There has been a motion by the Plaintiff
11   Jehad Majed for a Protective Order, and there's a
12   Response to the Motion for Protective Order which was
13   filed today.  The motion was filed yesterday
14   afternoon.
15                So for the record, let's start with the
16   plaintiffs.  And over the telephone, there's a court
17   reporter present and the courtroom deputy who is
18   taking a record of this proceeding.  So I'd like the
19   plaintiffs' counsel to begin with entering your
20   appearances and then defense counsel to then enter
21   your appearance for today's hearing.
22                MR. KLINE:  Good afternoon, your Honor.
23   This is Justin Kline, Marks & Kline LLP, on behalf of
24   all of the plaintiffs and Mr. Majed.
25                MR. MacPhee:  And good afternoon, your
```

1   Honor.  Lynn MacPhee with Perkins Coie here in Denver,
2   and also on the phone with me is Rick Cohen in Chicago
3   on behalf of the defendant.
4              MR. COHEN:  Good afternoon, your Honor.
5              THE COURT:  All right.  I've read both
6   of these motions, but let me hear whatever the
7   plaintiff wants to say, and then I'll hear from
8   defense and then from plaintiff again.
9              MR. KLINE:  Your Honor, this is Justin
10  Kline.  Thank you.
11             First of all, we apologize for having to
12  file the motion, but the procedure and what happened
13  was Mr. Majed was scheduled to be deposed several
14  weeks ago following defendant's Motion for Expedited
15  Discovery, and after some productive conversations
16  between Mr. Cohen and myself, we were able to settle
17  out some of the claims of the plaintiffs, which part
18  of the resolution of those claims was that the
19  settling plaintiffs would not be required to appear
20  for deposition.
21             Some five weeks later we were served
22  with a Notice of Deposition, which is reflected in the
23  papers, and in response to that notice, which we deem
24  upon unreasonable notice, defendants presumed to
25  desire to take Mr. Majed's deposition, regardless of

1  the agreement that we had made previously, based on
2  some information that they said they had recently
3  discovered. And we feel that there is no reason to
4  take Mr. Majed's deposition. In fact, the purpose of
5  the hearing in this upcoming week is simply to
6  determine whether or not an injunction is appropriate
7  as to preserve the status quo pending the merits of
8  the remaining plaintiffs' cases and whether or not
9  they will be irreparably harmed if an injunction is
10 not entered.
11            Mr. Majed has settled his claims.
12 Therefore, any information he would have to provide
13 would be irrelevant to the scope of the hearing next
14 week, and it's our position that this is simply
15 harassing and vexing and unnecessary.
16            The information that I've learned now in
17 defendant's response as to the purpose of taking Mr.
18 Majed's deposition to, quote, "authenticate the
19 e-mails," referring to e-mails sent to or from Mr.
20 Bray or Mr. Majed, the timing of the e-mails, and to
21 confirm Mr. Majed's statements. Mr. Majed has already
22 testified. His statements are his statements.
23            Moreover, Mr. Majed, at the request of
24 the defendants, stipulated to the accuracy of the
25 e-mails that he provided in discovery. Therefore,

```
 1   there's no reason to cause him to appear for a
 2   deposition, much less on two day's notice, three
 3   business days before the hearing, when his attorneys
 4   would have to prep him and of course not be able to
 5   appear, as he's based in Michigan, and the defendants
 6   know that.
 7              The purpose for filing the motion was
 8   that we requested that they -- we objected to the
 9   taking of the deposition.  Defendants refused to
10   withdraw the Notice -- or I don't know if that's
11   necessarily an accurate statement.  I don't know if I
12   asked them to withdraw the Notice.  I objected to the
13   Notice, and they continued to pursue the deposition,
14   and rather than face some objectionable actions on our
15   part, we filed the Motion for Protective Order as the
16   Notice is unreasonable and inappropriate for the
17   purposes of the hearing next week.
18              THE COURT:  Let me hear from defense
19   now, please.
20              MR. COHEN:  Your Honor, this is Rick
21   Cohen.  I will go directly to the purpose for which we
22   wish to take Mr. Majed's deposition, and it has little
23   to do with Mr. Majed.
24              We served document requests and
25   interrogatories on a next best basis to each of the
```

```
 1   named, I think, eight named plaintiffs and also sent
 2   deposition notices.  Shortly thereafter, as Mr. Kline
 3   points out, we were able to enter into resolutions
 4   with five of the eight, leaving three plaintiffs for
 5   purposes of the Preliminary Injunction motion that's
 6   set to begin on Monday.
 7               We received Interrogatory Responses from
 8   each of those three.  We received documents from two
 9   of them, no documents whatsoever relating to e-mail
10   communications or anything else relating to the
11   website of the posting of the suicide note from Mr.
12   Bray in advance of his deposition.  Mr. Majed did
13   provide certain documents, including e-mails between
14   he and Mr. Bray, and as we've learned through
15   discovery now, he and Mr. Bray -- Mr. Majed and Mr.
16   Bray were the persons principally involved in the
17   posting of the suicide note on the website.
18               At his deposition, at Mr. Bray's deposition,
19   I presented Mr. Bray with several of these e-mails
20   which we had received from Mr. Majed's production.
21   And I asked him about them, and I asked him apart from
22   about their content, I asked him why he had not
23   produced any of these documents, as we point out in
24   the footnote in our response to the motion.  He
25   testified that he had -- and bear in mind, your Honor,
```

1   we're talking about e-mails that are being sent back
2   and forth in late November and early December, a month
3   and a half ago, roughly two months ago. He said he
4   had not only deleted them from the e-mail, but he was
5   just a busy e-mailer that he had then gone into his
6   deleted box and deleted them there as well. I asked
7   him whether or not he's ever been admonished not to --
8   to preserve evidence relating to the law suit. He
9   acknowledged that he had been by Mr. Kline, and was
10  unable to testify when it was he destroyed or deleted
11  these e-mails. We're not just talking about e-mails,
12  we're also talking about other documents relating
13  directly to the communications mostly of pay members
14  specifically concerning the posting of the suicide
15  note on the website.
16              Another example, your Honor, is Ms.
17  Abid, one of the plaintiffs who has not settled and
18  against whom we'll go forward on Monday, claimed that
19  upon learning of the posting she sent a note to Mr.
20  Bray demanding that he take the suicide note down
21  right away. There's a question about the timing of
22  Ms. Abid's sending of that note, and in order to
23  confirm it we needed a copy of the note that Mr. Bray
24  had received from her. That's another document that
25  Mr. Bray apparently destroyed. So we're not able to

1    test Ms. Abid's testimony, either.
2              In the wake of Mr. Bray's -- one other
3    point, your Honor.  Not only did Mr. Bray say that he
4    had destroyed all of these e-mails, when I asked him
5    questions about the timing of his receipt and the
6    timing of his response and showed, and was able to
7    show at his deposition that he and Mr. Majed were
8    opportunistically seeking to take advantage of Mr.
9    Baber's suicide to advance the -- I won't characterize
10   them -- but the purpose of the TSFA, he backtracked
11   and said no, I can't acknowledge that because I can't
12   tell you for certain that the date and the time on
13   this e-mail is correct because there was a problem
14   with the timing and the dating on my computer which I
15   only found out about later and subsequently had
16   fixed.
17             So basically, what we've got is a
18   witness against whom we're going forward who's going
19   to give testimony inconsistent with certain documents,
20   which we will use the documents to impeach, but then
21   we've got an obligation to prove up the impeachment.
22   That's the reason why we want to take Mr. Majed's
23   deposition.  We've been asking for it since the day
24   after Mr. Bray's deposition, which was the middle of
25   next week.  We've offered every accommodation to go to

```
 1   Detroit, to take it by phone, to do anything else.
 2   And I would point out one other thing, your Honor.  I
 3   think we mentioned it in the response.
 4              As a part of the Settlement Agreement
 5   which we have sent to the settling plaintiffs and
 6   which up to this moment has still not been signed by
 7   any of them, and I'll note that Mr. Majed still is a
 8   party, has not filed a voluntary dismissal or other
 9   notice of dismissal, has not signed the Settlement
10   Agreement.
11              In that Settlement Agreement, one of the
12   conditions of each of the settling plaintiffs is that
13   they give us full disclosure of their own individual
14   involvement in the decision to post the suicide note
15   on the website and their own involvement in the
16   execution of that decision.  Mr. Majed agreed to do
17   that, and there's absolutely no reason why,
18   particularly since he's still a party, and all things
19   considered, why he can't give us that full disclosure
20   with a court reporter sitting right next to him.
21   We'll arrange it.  It can be in Detroit, it can be
22   over the phone.  The inconvenience would be minimal,
23   if any, to him, and he will simply be fulfilling what
24   Mr. Kline himself acknowledges is a commitment he's
25   undertaken in the Settlement Agreement.  And without
```

```
 1   this testimony, we're put in a position of not being
 2   able to prove up the impeachment, which we feel will
 3   be extraordinarily compelling at the hearing
 4   commencing Monday.
 5                THE COURT:  Okay.  Back to you, Mr.
 6   Kline.
 7                MR. KLINE:  Thank you, your Honor.
 8   Just a couple of points.
 9                First of all, Mr. Cohen spent the
10   majority of his time talking about Mr. Bray and
11   certain documents that he might or might not have.
12   This is totally unrelated to Mr. Majed and the
13   necessity to take his deposition.  Any letters that
14   Mr. Bray might or might not have received from Ms.
15   Abid has nothing to do with Mr. Majed.
16                Moreover, and despite Mr. Cohen's use of
17   rhetoric and his client's position in the hearing,
18   Mr. Majed already stipulated to the accuracy of the
19   documents that Mr. Cohen now wants to depose him
20   about.  I don't know what more he needs to say, and
21   the purpose of the deposition is a fishing expedition,
22   which Mr. Cohen just described, to impeach Mr. Bray.
23   If he wants to impeach Mr. Bray with the documents
24   that he has and the deposition testimony that Mr. Bray
25   already gave, that is irrespective of Mr. Majed's
```

```
 1   necessity to give a deposition on information that
 2   he's already stipulated to.
 3              The only other thing that I would add,
 4   as I go through my notes, if you'll give me a second,
 5   is that it's not whether or not Mr. Cohen and Mr.
 6   MacPhee and the defendants are accommodating Mr. Majed.
 7   The rules, the local rules in Colorado say that you
 8   have to give 11 days for notice for the deposition,
 9   and clearly, the Notice on this is unreasonable.  Not
10   for accommodating Mr. Majed, but also to accommodate
11   his attorneys and the ability to prep Mr. Majed and to
12   properly prepare him for any deposition or any
13   deposition testimony.
14              That being said, I understand we are on
15   an expedited schedule.  Two days is still unreasonable.
16   And that being said, this was Defendant's Motion for
17   Expedited Discovery.  If they wanted to take Mr.
18   Majed's deposition, they had plenty of opportunity
19   to.
20              That's all I have, your Honor.
21              THE COURT:  Thank you.  I'm going to
22   permit a deposition of Mr. Majed to be taken by
23   telephone only, and for not more than two hours, and
24   it will have to be done on this Friday, February 9,
25   and it will be limited to the matters raised in
```

```
 1   paragraph 8 of the Response to the Motion for
 2   Protective Order in Document No. 34 filed today.  The
 3   defendant's response to Motion for Protective Order
 4   and paragraph 8 relates to the matters of Mr. Bray
 5   refusing to acknowledge the accuracy of e-mails
 6   between Mr. Majed and himself that had been produced
 7   by Mr. Majed, the footnote as well that is dumping of
 8   the e-mails or deleting them, I guess, is it correct
 9   word, and the other matters set forth in paragraph 8.
10              Now, if there is a settlement with any
11   of these people, the settlement documents must be
12   filed not later than 9 a.m. on Monday, February 12, or
13   the parties will still be bound by my ruling on the
14   Preliminary Injunction.  They will still be considered
15   to be active parties in the case until such time as
16   there is an order dismissing based upon settlement.
17   That's the way we're going to proceed.
18              I have one other suggestion for you, and
19   that's if some of these people can settle, it seems to
20   me like all of you should, but if not, we'll see you
21   in court at 9 a.m. on Monday, the 12th.
22              MR. KLINE:  Thank you very much, your
23   Honor.
24              MR. MacPHEE:  Thank you.
25              THE COURT:  Thank you.  We'll be in
```

```
 1   recess.
 2          (Court recessed at 2:18 p.m.)
 3                     *   *   *   *   *
 4                    REPORTER'S CERTIFICATE
 5
 6          I, ADRIENNE WHITLOW, Certified Shorthand
 7   Reporter in and for the State of Colorado, do hereby
 8   certify that the foregoing is a true and correct
 9   transcript of the proceedings had in the within
10   entitled and numbered cause on the date hereinbefore
11   set forth.
12
13
14                    _____
                            ADRIENNE WHITLOW, CSR
15                        Certified Shorthand Reporter
```