IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02528-JLK-CBS

CHRISTOPHER BRAY, *et al.,*

    Plaintiffs,

v.

QFA ROYALTIES LLC,

    Defendant.

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS OF DENIAL OF MOTION

Defendant QFA Royalties LLC ("Quiznos"), by its attorneys, hereby files its Reply in Support of Motion for Sanctions of Denial of Motion [Doc. 40] ("Motion"), as follows.

### INTRODUCTION

Plaintiffs admit that the inclusion of settlement information in Plaintiffs' Pretrial Brief [Doc. 38] was improper. *See* Plaintiffs' Response to Motion for Sanctions ("Response"), p. 2 [Doc. 52]. Nonetheless, Plaintiffs argue against the imposition of sanctions (at least the sanction of denial of their pending Motion for Preliminary Injunction) for four reasons. First, Plaintiffs argue that the disclosure was minor or did not cause significant prejudice or harm to Quiznos. Second, Plaintiffs argue that the disclosure was "negligent" and "inadvertent." *See* Response, pp. 2 and 8. Third, Plaintiffs argue that counsel (not the Plaintiffs themselves) is responsible for the improper disclosure. Fourth, Plaintiffs argue that Quiznos failed to follow certain

33668-0077/LEGAL13062091.1

procedures. For the reasons set forth below, none of these stated reasons justify denial of Quiznos' Motion.

## ARGUMENT

**A.  Plaintiffs Do Not Address the Misleading Nature of the Disclosure.**

As an initial matter, while they admit that disclosing settlement information was improper, Plaintiffs ignore perhaps the most egregious aspect of the inclusion of the settlement information. Plaintiffs do not address the fact that they left out material provisions of that settlement. As set forth in Quiznos' Motion, courts have routinely imposed sanctions for providing the court with only partial information which created a false impression. There can be no question that Plaintiffs left out material terms when they purported to describe the terms of the settlement reached with the other Plaintiffs. The omission created a false impression regarding the consideration received by Quiznos.

**B.  The Disclosure of the Partial Settlement Information Was Prejudicial.**

Indeed, it was the provision of only a portion of the terms of the Confidential Settlement Agreement that primarily caused the potential harm and prejudice to Quiznos. The action before the Court has garnered significant interest in the media, who have access to the publicly filed records. The disclosure of settlement terms within a confidential settlement agreement was, as Plaintiffs concede, improper. The disclosure of only part of the terms, while leaving out more favorable terms to Quiznos, created serious risk of prejudice to Quiznos in the court of public opinion.

C.     **Reckless Disclosures Support the Imposition of Sanctions.**

Nor can Plaintiffs' characterization of the admittedly improper disclosure as "negligent" or "inadvertent" avoid the imposition of sanctions or otherwise provide an adequate defense for the inclusion of the admittedly improper information.  Simply put, there was absolutely no need to include any, let alone only some, of the terms of the Confidential Settlement Agreement in the Pretrial Brief.  As more fully set forth in Quiznos' Motion, the description of a portion of settlement terms of a confidential settlement agreement has no place in a pretrial brief and Plaintiffs knew or should have known better.  Whether inadvertent or advertent, inclusion of this partial information was aimed at influencing the court, the media, or both.  And, as set forth in Quiznos' Motion, reckless conduct warrants the imposition of sanctions.  *See e.g., Fink v. Gomez*, 239 F.3d 98, 991-94 (9th Cir. 2001).

D.     **Plaintiffs Can Be Charged with Their Counsel's Conduct.**

There can be no doubt that counsel was acting on behalf of the Plaintiffs and it was the Plaintiffs who stood to gain an advantage (in court or, more likely, in the media) from the improper disclosure.  Thus, the denial of the motion can be an appropriate sanction, even to the extent counsel here attempts to distance the conduct from the client.

E.     **Defendant's Motion Was Not Procedurally Improper.**

Finally, the attempt to defend against the imposition of sanctions based on claimed procedural infirmaries with the Motion should fail.  First, the Motion was brought not under Fed.R.Civ.P. 11, but rather, under the Court's inherent authority.  Thus, the procedural requirements set forth in Fed.R.Civ.P. 11 are not applicable.  Second, local Rule 7.1's requirement that counsel meet and confer before filing motions was inapplicable and

impracticable under the circumstances.  First, Rule 7.1 does not apply to dispositive motions, as it expressly excludes motions brought under Fed.R.Civ.P. 12 and 56.  This Motion seeks a dispositive ruling with respect to the pending motion.  Moreover, it is clear that Plaintiffs would not have agreed to the requested relief.  They indicate in the Response that they may have offered to compromise by agreeing to place their already filed and publicly available brief under seal or by adding the material omitted in subsequent filing.  Neither of those two proposals would fully address the issues and, therefore, it is clear that a 7.1 conference would have been futile.  Once their brief was filed, the "bell had rung."  Because one cannot un-ring a bell, conferring would have had limited to no value.

Second, the trial brief was filed late in the day on Friday prior to the hearing commencing Monday morning.  This is not to suggest that counsel could not have conferred over the weekend, inasmuch as counsel did exchange some emails regarding the settlement agreements over that weekend, but the exigencies of the circumstances and the limited business hours available made conferring less than practicable.

## CONCLUSION

In conclusion, there is no dispute that the description of certain limited and incomplete settlement terms of a confidential settlement agreement in Plaintiffs' Pretrial Brief was improper.  The prejudice to Quiznos was neither minor nor inconsequential.  That counsel now submits the inclusion was negligent, inadvertent and not done by the Plaintiffs themselves does not avoid the fact that the improper information was included and harmful to Quiznos.  Under the circumstances, these purported defenses are insufficient to warrant denial of the Motion for Sanctions of Denial of Motion.

WHEREFORE, Quiznos requests that the Court exercise its inherent powers and deny the pending Motion for Preliminary Injunction as a sanction for the admittedly improper conduct.

Dated this 28th day of February, 2007.

Respectfully submitted,

s/ *Leonard H. MacPhee*
Leonard H. MacPhee
Attorney for Defendant
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: (303) 291-2300
Facsimile: (303) 291-2400
Email: lmacphee@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**Fredric Adam Cohen**
fredric.cohen@dlapiper.com

**Justin M. Klein**
justin@marksklein.com,david@marksklein.com,joanne@marksklein.com

**Gregory Robert Stross**
gstross@earthlink.net

s/ Leonard H. MacPhee
Leonard H. MacPhee
Attorney for Defendant
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: (303) 291-2300
Facsimile: (303) 291-2400
Email: lmacphee@perkinscoie.com
